The STATE of Ohio, Appellant,

v.

MANHART, Appellee. █

The STATE of Ohio, Appellant,

v.

HAYES, Appellee. █

The STATE of Ohio, Appellant,

v.

STALNAKER, Appellee. █

[Cite as *State v. Manhart* (1999), 135 Ohio App.3d 499.]

Court of Appeals of Ohio,
Ninth District, Summit County.

Nos. 19069, 19070 and 19134.

Decided Nov. 3, 1999.

500

*Michael T. Callahan,* Summit County Prosecuting Attorney, and *Paul Michael Maric,* Assistant Prosecuting Attorney, for appellant state of Ohio.

*A. William Zavarello* and *Rhonda Gail Davis,* for appellee Douglas Manhart.

*Susan Ragsdale; J. Dean Carro* and *Pamela S. Blair,* Appellate Review Office, School of Law, University of Akron, for appellee, Lorenzo Hayes.

*Lawrence J. Whitney,* for appellee, Tracy Stalnaker.

*Betty D. Montgomery,* Attorney General, urging reversal for *amicus curiae,* state of Ohio.

*Per Curiam.*

The state has appealed three separate orders from three separate cases dismissing indictments for involuntary manslaughter in violation of R.C. 2903.04(B). We reverse in all three cases.

I

These appeals originate from three separate cases below, all addressing the constitutionality of R.C. 2903.04(B). Prior to September 29, 1994, R.C. 2903.04(B) stated: "No person shall cause the death of another as a proximate

result of the offender's committing or attempting to commit a misdemeanor." 144 Ohio Laws, Part I, 1566, 1570. In *State v. Collins* (1993), 67 Ohio St.3d 115, 616 N.E.2d 224, syllabus, the Supreme Court of Ohio held that "[a] minor misdemeanor may not serve as the underlying predicate offense for purposes of the involuntary manslaughter statute, R.C. 2903.04(B)." The Supreme Court of Ohio examined the legislature's use of the term "misdemeanor" and reasoned that "we do not believe the General Assembly intended to include a minor misdemeanor as a predicate misdemeanor offense for purposes of the crime of involuntary manslaughter." *Id.* at 116, 616 N.E.2d at 225. Responding to the Supreme Court opinion in *Collins,* the legislature clarified its intent by adding the language "of the first, second, third, or fourth degree or a *minor misdemeanor* " to the end of R.C. 2903.04(B) (emphasis added). 145 Ohio Laws, Part III, 5116, 5117. Thus, the legislature has clearly expressed its intent to include minor misdemeanors as predicate offenses for purposes of the crime of involuntary manslaughter. The cases herein involve a constitutional challenge to the legislature's inclusion of minor misdemeanors within the ambit of R.C. 2903.04(B).

In the case of Douglas R. Manhart, Summit App. No. 19069, C.P. No. CR–1997–09–2129, Manhart was indicted in part for involuntary manslaughter based on the minor misdemeanors of failing to maintain a lane of travel in violation of R.C. 4511.25 and failing to maintain an assured clear distance in violation of R.C. 4511.21. Manhart moved to dismiss the involuntary manslaughter charge as a violation of his right to be free from cruel and unusual punishment pursuant to the Ohio and United States Constitutions and as a violation of the Equal Protection Clauses of the Ohio and United States Constitutions. The trial court granted the motion, finding R.C. 2903.04(B) to be a violation of equal protection and the prohibition against cruel and unusual punishment.

In the case of Lorenzo Lavelle Hayes, Summit App. No. 19070, C.P. No. CR–1997–09–2039, Hayes was indicted for involuntary manslaughter based on the first degree misdemeanors of driving with a suspended license in violation of R.C. 4511.192 and failing to stop after an accident in violation of R.C. 4549.02, and on the minor misdemeanor of failing to yield the right of way when turning left in violation of R.C. 4511.42. Hayes moved to dismiss the involuntary manslaughter charge as a violation of due process, equal protection, and the prohibition against cruel and unusual punishment. The trial court granted Hayes's motion based on the same reasoning that was employed in Manhart's case.

In the case of Tracy L. Stalnaker, Summit App. No. 19134, C.P. No. CR–1997–09–2084, Stalnaker was indicted for involuntary manslaughter based on her failure to yield the right of way when turning left in violation of R.C. 4511.42 and on her failure to follow the rules for turning at an intersection in violation of R.C. 4511.36, both of which were rendered fourth degree misdemeanors by Stalnaker's

prior conviction for operating a motor vehicle without reasonable control in violation of R.C. 4511.202. See R.C. 4511.99(D)(1)(b). Stalnaker moved to dismiss the involuntary manslaughter charge as a violation of her right to be free from cruel and unusual punishment pursuant to the Ohio and United States Constitutions and as a violation of the Equal Protection Clauses of the Ohio and United States Constitutions. The trial court granted this motion.

The prosecution has appealed from all three dismissals and the Attorney General has filed a brief as *amicus curiae* in support of the prosecution. Because the three appeals all involve the same issues, they have been consolidated for our review.

## II

The prosecution's sole assignment of error on appeal states:

"The trial court committed error when it dismissed [the] involuntary manslaughter count[s] in the indictment[s], which was predicted [*sic*] on the commission of a minor misdeanor [*sic* ]."

The prosecution's arguments raise two issues for our review: (1) whether R.C. 2903.04(B) constitutes cruel and unusual punishment when applied to minor misdemeanors, and (2) whether applying R.C. 2903.04(B) to minor misdemeanors violates the principle of equal protection.

■ "In determining the constitutionality of legislative enactments * * *, we begin with the well-settled principle that all enactments enjoy a strong presumption of constitutionality, and before a court may declare the statute unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provision are clearly incapable of coexisting. Further, doubts regarding the validity of a legislative enactment are to be resolved in favor of the statute." (Citations omitted.) *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200, 1201.

A. Cruel and Unusual Punishment.

■ While this appeal was pending, the Supreme Court of Ohio ruled on this issue. In *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 715 N.E.2d 167, syllabus, the Supreme Court of Ohio held that "R.C. 2903.04(B), as applied to a minor misdemeanor traffic offense which results in a vehicular homicide, does not violate the Eighth Amendment to the United States Constitution or Section 9, Article I of the Ohio Constitution." Therefore, appellees' cruel and unusual punishment claims are not well taken.

B. Equal Protection.

■ Appellees also claim that their equal protection rights were violated when the prosecution charged them with involuntary manslaughter rather than vehicular homicide. Appellees cite *State v. Wilson* (1979), 58 Ohio St.2d 52, 55–56, 12 O.O.3d 51, 54, 388 N.E.2d 745, 748, wherein the Supreme Court of Ohio held that "if the statutes prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause." Appellees argue that involuntary manslaughter and vehicular homicide apply to identical activities and require identical proof, but impose different penalties. While involuntary manslaughter under R.C. 2903.04(B) is considered a third degree felony, R.C. 2903.04(C), vehicular homicide is merely a first degree misdemeanor, R.C. 2903.07(B). Thus, appellees argue that the state denied them equal protection by pursuing charges of involuntary manslaughter under these circumstances. However, appellees' argument in this regard has been rejected by every Ohio appellate district that has addressed the issue. See, *e.g., State v. Campbell* (1997), 117 Ohio App.3d 762, 773–774, 691 N.E.2d 711, 718 (Second Appellate District); *State v. Shy* (June 30, 1997), Pike App. No. 96 CA 587, unreported, 1997 WL 381782 (Fourth Appellate District); *State v. Brown* (1996), 117 Ohio App.3d 6, 11, 689 N.E.2d 979, 982, (Sixth Appellate District). But, see, *State v. Brown,* 117 Ohio App.3d at 11–12, 689 N.E.2d at 982 (Melvin L. Resnick, P.J., dissenting).

Appellees also emphasize the seemingly unrestricted discretion that is placed in the hands of the prosecution in making the charging decision. Appellees claim that this discretion permits the prosecution to treat similarly situated people differently. However, similar arguments have also been rejected by other Ohio appellate districts. See, *e.g., State v. Carper* (Mar. 1, 1999), Fayette App. No. CA98–06–009, unreported, 1999 WL 98990 (Twelfth District); *Shy* ; *Brown* ; *State v. Stanford* (Aug. 30, 1996), Trumbull App. No. 95–T–5358, unreported, 1996 WL 537856. In light of the dispositions of these courts regarding similar equal protection arguments, appellees' equal protection claims are also not well taken.

## III

Accordingly, the judgments of the Summit County Court of Common Pleas are reversed.

*Judgments reversed.*

BAIRD, P.J., and SLABY, J., concur.

CARR, J., concurs in part and dissents in part.

CARR, Judge, concurring in part and dissenting in part.

Although I agree that the Supreme Court holding in *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 715 N.E.2d 167, is dispositive of the cruel and unusual punishment challenge to R.C. 2903.04(B),[1] I do not agree with this court's disposition of the equal protection challenge.

In addressing the appellees' equal protection arguments, the majority states that every Ohio appellate district that has addressed the arguments presented has declined to find a violation of equal protection. While this may indeed be true, it nevertheless fails to account for the fact that R.C. 2903.04(B) *does* violate equal protection when the predicate offense is a minor misdemeanor traffic offense. In his dissent to *State v. Brown* (1996), 117 Ohio App.3d 6, 12, 15–18, 689 N.E.2d 979, 982, 985–987 (Appendix), Judge Melvin L. Resnick adopted a well-reasoned opinion from the Huron County Court of Common Pleas, which explained:

["] '[T]he Ohio Supreme Court [has] noted that where statutes prohibit identical activity, require identical proof and yet impose different penalties, sentencing under the statute with the higher penalty violates the Equal Protection Clause. *State v. Wilson, supra,* 58 Ohio St.2d at 55–56, 12 O.O.3d at 53–54, 388 N.E.2d at 748–749. The court held in *Wilson* that the test is " ' "whether, if the defendant is charged with the elevated crime, the state has the burden of proving an additional element beyond that required by the lesser offense." ' " *Id.* at 55, 12 O.O.3d at 54, 388 N.E.2d at 748. * * *. The Supreme Court of Ohio has not chosen to overrule *Wilson* * * *. Until it does so, an Ohio trial court is obligated to follow *Wilson.*

["] 'Applying the *Wilson* test to R.C. 2903.04(B), it is clear that the legislative scheme violates the Equal Protection Clauses [of the United States and Ohio Constitutions]. The statute, instead of requiring the state to prove an additional element for the elevated crime of involuntary manslaughter, actually eliminates one of the elements required to establish the lesser offense of vehicular homicide because to prove involuntary manslaughter all the state has to prove is the violation of a minor misdemeanor traffic rule, which is by law a lapse of due care, *i.e.*, negligence, but to prove vehicular homicide the state must additionally prove that the violation constituted a substantial lack of due care, *i.e.*, substantial negligence. The statutory scheme on its face, therefore, violates the Equal Protection Clauses.

---

1. As this court has previously observed, "[a]n appellate court may not disregard a clear and unambiguous directive from the Supreme Court of Ohio expressed in the syllabus of an opinion." *State v. Szefcyk* (1995), 104 Ohio App.3d 118, 122, 661 N.E.2d 233, 235, citing *Smith v. Klem* (1983), 6 Ohio St.3d 16, 18, 6 OBR 13, 15–16, 450 N.E.2d 1171, 1173.

["] 'In analyzing the equal protection issue, the court must look at the statutory classifications to determine whether the law discriminates against a class and, if it does, whether there is a rational basis for the discrimination that can pass muster under the Equal Protection Clauses. In the case of the involuntary manslaughter statute where the predicate offense is a minor misdemeanor traffic violation there are two different ways to classify persons who are affected by the law.

["] 'The first classification is based on all drivers who cause vehicular accidents by violation of a minor misdemeanor traffic rule, without aggravating conduct that makes their violation a substantial lapse of due care. Is there a rational basis to differentiate between those who cause the death of a person and are subjected to up to ten years in prison and a $5,000 fine for the first offense and those who only cause injury, no matter how grievous that injury may be, and are subject only to a maximum fine of $100? * * *

["] 'While the death of a person is certainly a basis to distinguish between accidents causing injury and accidents causing death, the Supreme Court of Ohio has observed that it is not a logical (*i.e.*, rational) basis[.]

["] ' * * *

["] 'Thus, while the Supreme Court has not directly decided this issue, its most recent pronouncement [in *State v. Collins* (1993), 67 Ohio St.3d 115, 117, 616 N.E.2d 224, 225–226] suggests that death alone would not be a rational basis for imposing manslaughter punishment on a driver who caused an accident, resulting in the death of another, by violating a minor misdemeanor traffic rule.

["] 'The second classification to be considered is all drivers who cause the death of another in a vehicular accident by the violation of a minor misdemeanor traffic rule. The Ohio statutory scheme differentiates between three classes of such drivers: (1) drivers who, in violating a minor misdemeanor traffic rule, are *reckless* (aggravated vehicular homicide—an aggravated third-degree felony punishable for first time offenders by up to ten years in prison and a fine up to $5,000); (2) drivers who, in violating a minor misdemeanor traffic rule, are *substantially negligent* (vehicular homicide—a first-degree misdemeanor punishable by up to [six] months in the county jail and a $1,000 fine); and (3) drivers who, by simply violating a minor misdemeanor traffic rule, are *negligent* (involuntary manslaughter punishable for first time offenders by up to ten years in prison and a $5,000 fine).

["] 'Certainly, there is a rational basis for punishing more severely the reckless conduct required as an element of aggravated vehicular homicide than the substantially negligent conduct required as an element of vehicular homicide. * * * But there is no rational basis for punishing mere *negligent* conduct more severely than *substantially negligent* conduct. This clearly does not meet the

requirement of *State v. Wilson, supra,* that the statute imposing the more severe punishment contain an additional element beyond that required by the statute imposing the lesser punishment.

["] 'Ohio's involuntary manslaughter statute allows a prosecutor who does not have the evidence to prosecute a first-degree misdemeanor because he cannot prove substantial negligence to prosecute an aggravated third-degree felony simply because he can show the violation of a minor misdemeanor traffic rule. Instead of requiring the same or an additional element of the offense be proved, the involuntary manslaughter statute allows a more severe penalty to be imposed for conduct that is less culpable. It is this type of statutory scheme that the framers of our Constitutions sought to prohibit when they said that government is instituted for the equal protection of all citizens and that no state shall deny any person the equal protection of the laws.

["] 'Surely, in cases where the death of another is caused by a vehicular traffic accident, the state can have no legitimate interest in punishing more severely conduct that is a mere violation of a traffic law than conduct that is a substantial violation of a traffic law. The court, therefore, concludes that R.C. 2903.04(B) is unconstitutional when the predicate offense is a minor misdemeanor traffic violation.' ["] (Emphasis *sic* ; footnotes omitted.)

Based upon my agreement with the foregoing analysis, I would find the equal protection argument addressed in the majority opinion to be well taken and would hold that R.C. 2903.04(B) is unconstitutional when predicated upon a minor misdemeanor.[2]

---

**2.** While *Collins* is no longer the Supreme Court of Ohio's most recent pronouncement on R.C. 2903.04(B), it nonetheless remains the Court's most recent discussion of the rationale underlying the rational basis argument against the statute. The Supreme Court of Ohio explicitly avoided discussion of an equal protection challenge to R.C. 2903.04(B) in *Weitbrecht,* holding that the issue was not before the Court. *Weitbrecht,* 86 Ohio St.3d at 369, 715 N.E.2d at 169, fn. 1.