OPINION
Appellant Eric Spencer appeals his conviction for involuntary manslaughter in the Guernsey County Court of Common Pleas. The relevant facts leading to this appeal are as follows. On July 26, 1998, appellant left a friend's house in Wayne County, Ohio, and proceeded to Interstate 77 in order to return to his home in North Carolina. He continued traveling on I-77 southbound into Guernsey County. That same evening, Joseph and Susan Venditti left their home in North Royalton, Ohio, with their child in order to travel to South Carolina for a vacation. As both vehicles proceeded on I-77 southbound, appellant's automobile rapidly approached the Venditti pickup truck from behind and collided with the truck's left rear section. The truck rolled over and left the roadway. Susan Venditti was ejected from the passenger seat and died as a result of her injuries. Appellant did not stop at the scene, but was pulled over after crossing the state line by a West Virginia police officer. The Guernsey County Grand Jury indicted appellant on charges of involuntary manslaughter, aggravated vehicular homicide, and leaving the scene of an accident. Appellant waived a jury trial, and the matter was tried to the court on October 4 — 6, 1999. Appellant was found guilty of involuntary manslaughter, vehicular homicide, and failure to stop at the scene. He received sentences, respectively, of four years, six months, and six months on the three charges, as well as a fine and license suspension. Appellant timely appealed and herein raises the following sole Assignment of Error:
 I. THE DEFENDANT'S CONVICTION OF INVOLUNTARY MANSLAUGHTER RC 2903.04(B) DEPRIVES HIM OF HIS CONSTITUTIONAL RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW. THE CONVICTION OF INVOLUNTARY MANSLAUGHTER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Constitutional Issues
Appellant argues that his conviction deprives him of his equal protection and due process rights. We disagree. As written at the time of the offense in the case sub judice, Ohio's involuntary manslaughter statute, R.C. 2903.04(B), encompassed minor traffic misdemeanors as predicate offenses: (B) No person shall cause the death of another or the unlawful termination of another's pregnancy as a proximate result of the offender's committing or attempting to commit a misdemeanor of the first, second, third, or fourth degree or a minor misdemeanor.
Legislative enactments are to be afforded a strong presumption of constitutionality. State v. McDonald (1987), 31 Ohio St.3d 47, 48. The burden on appellant is to establish that the legislative enactment is unconstitutional beyond a reasonable doubt. Arnold v. Cleveland (1993),67 Ohio St.3d 35, 38-39. Appellant contends that the trial court improperly extended the Ohio Supreme Court's ruling in State v. Weitbrecht (1999), 86 Ohio St.3d 368, in reaching the aforesaid convictions. In Weitbrecht, the defendant urged that an involuntary manslaughter conviction based on a minor misdemeanor traffic charge resulted in cruel and unusual punishment in violation of theEighth Amendment. The state argued that R.C. 2903.04(B), as applied to minor misdemeanor traffic offenses, would not constitute cruel and unusual punishment because the potential penalty for causing another person's death would not be disproportionate to the offense committed. Id. at 372. The Court was unwilling to conclude that the potential penalty for a R.C. 2903.04(B) conviction is " `so greatly disproportionate to the offense as to shock the sense of justice of the community.' " Id. at 373, quoting McDougle v. Maxwell, 1 Ohio St.2d at 70. Therefore, the Court did not find a violation of the Eighth Amendment to the United States Constitution or Section 9, Article I of the Ohio Constitution. Appellant correctly posits that Weitbrecht does not directly pertain to his equal protection and due process arguments in this matter. He contends in that vein that the statutory scheme encompassing involuntary manslaughter and vehicular homicide invites unconstitutionally unfettered prosecutorial discretion which usurps the proper role of the trial court. Appellant's Brief at 5. We disagree. Appellant's contention is similar to that of the defendants in State v. Manhart (1999), 135 Ohio App.3d 499: Appellees also complain about the seemingly unrestricted discretion that is placed in the hands of the prosecution in making the charging decision. Appellees claim that this discretion permits the prosecution to treat similarly situated people differently. However, similar arguments have also been rejected by other Ohio appellate districts.
Id. at 503, citing State v. Carper (Mar. 1, 1999), Fayette App. No. CA98-06-009, unreported; State v. Shy, (June 30, 1997), Pike App. No. 96 CA 587, unreported; State v. Brown (1996), 117 Ohio App.3d 6; State v. Sanford (Aug. 30, 1996), Trumbull App. No. 95-T-5358, unreported. Absent proof of the prosecution acting upon impermissible criteria, such as race, religion, or arbitrary classification, which appellant clearly does not herein supply to us, his claims of equal protection and due process violations are without merit. See State v. Miles (1983), 8 Ohio App.3d 410, syllabus. His limited brief further provides no caselaw or significant argument in support of his due process claims. Therefore, we are unpersuaded by appellant's alleged constitutional errors. However, we sua sponte take note of the Ohio Supreme Court's holding State v. Chippendale, (1990) 52 Ohio St.3d 118, where the defendant was convicted of involuntary manslaughter and vehicular homicide (former R.C. 2903.07), as a lesser-included offense of aggravated vehicular homicide. Id. at 119. The Supreme Court reinstated the decision and sentence of the Court of Common Pleas of Warren County, but nonetheless directed that "where the legislative intent is manifest that general and special provisions be applied coextensively and where the provisions are allied offenses of similar import, then the prosecution may charge on and try both, but the defendant may be sentenced upon his or her conviction for only one of the offenses." Id. at 122. Therefore, we are compelled to vacate the six-month sentence stemming from appellant's conviction for vehicular homicide, pursuant to Chippendale. The vehicular homicide conviction itself, and the remainder of the trial court's order of convictions and sentences, will stand. The remainder of the constitutional portion of the Assignment of Error is overruled. Manifest Weight Appellant asserts that the trial court's decision is against the manifest weight of the evidence. Our standard of review is as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, 175.
Appellant's argument focuses exclusively on the constitutional claims as discussed supra. Under App.R. 12(A)(2), an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." This rule is clearly applicable herein. Nevertheless, a review of the record, including in particular the explicit testimony of Jesse Orr, a southbound motorist who watched the collision unfold and followed appellant's vehicle until it was stopped in West Virginia, provides no substantiation that a manifest miscarriage of justice occurred. The remainder of appellant's sole Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed in part and reversed in part. The six-month sentence on appellant's conviction for vehicular homicide is hereby vacated. In all other respects, the judgment is affirmed.
 __________________ Wise, J.
Farmer, P.J., and Reader, V. J., concur.