THE STATE OF OHIO, APPELLEE, *v.* WILSON, APPELLANT.

(No. 78-931—Decided April 25, 1979.)

*Mr. John T. Corrigan*, prosecuting attorney, *Ms. Ann Rowland* and *Mr. George J. Sadd*, for appellee.
*Mr. Rick Drake* and *Mr. Jeffrey H. Olson*, for appellant.

LOCHER, J.

## I.

Appellant raises two constitutional issues for this court's consideration. Briefly stated, appellant contends that R. C. 2911.11(A)(3), Ohio's aggravated burglary statute, violates the Equal Protection and Due Process Clauses of the United States Constitution. The state of Ohio, however, maintains, in effect, that appellant should not be permitted to raise these issues because his guilty plea precludes any constitutional attack on the statute under which he was convicted.

Appellee relies upon a trilogy of United States Supreme Court cases in support of its position, namely, *Brady* v. *United States* (1970), 397 U. S. 742; *McMann* v. *Richardson* (1970), 397 U. S. 759; and *Tollett* v. *Henderson* (1973), 411 U. S. 258. The last of the trilogy, *Tollett*, which cites the other two, held that, where a defendant pleads guilty upon the advice of counsel, he cannot later claim a violation of constitutional rights which antedate the plea, but may only attack the voluntary and intelligent character of the guilty plea. Appellee argues that, because the constitutional issues raised by the appellant antedate his guilty plea, he is similarly precluded.

We disagree and hold that appellant is not precluded from raising these issues. In so holding, we rely on *Menna* v. *New York* (1975), 423 U. S. 61. In *Menna*, a *per curiam* opinion, the petitioner's guilty plea to a charge of refusing

to testify before a grand jury, after having been granted immunity, was held not to bar his later claim that the Double Jeopardy Clause precluded the state from indicting him on that charge after he had been sentenced to a jail term for contempt of court for his failure to testify before the grand jury. The New York Court of Appeals had declined to address the double jeopardy claim on the merits, relying, inter alia, on Tollett v. Henderson, supra, holding that the constitutional claim had been "waived" by petitioner's counseled plea of guilty.

The United States Supreme Court, in reversing the New York Court of Appeals, stated: "* * * Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty. Blackledge v. Perry, 417 U. S. 21, 30 (1974).² * * *" 423 U. S. 61, 62. In the accompanying footnote the court addressed the trilogy relied upon by the state, stating:

"Neither Tollett v. Henderson, 411 U. S. 258 (1973), nor our earlier cases on which it relied, e. g., Brady v. United States, 397 U. S. 742 (1970), and McMann v. Richardson, 397 U. S. 759 (1970), stand for the proposition that counseled guilty pleas inevitably 'waive' all antecedent constitutional violations. If they did so hold, the New York Court of Appeals might be correct. However, in Tollett we emphasized that waiver was not the basic ingredient of this line of cases, 411 U. S., at 266. The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is estab-

lished. The guilty plea, therefore, does not bar the claim."
(Emphasis *sic*.)

Thus, the United States Supreme Court distinguished constitutional violations which go to factual guilt from constitutional violations which pertain to the validity of the statute relied upon by the state to convict the defendant. Therefore, those constitutional violations which go to the ability of the state to prosecute, regardless of factual guilt, may be rasied on appeal from a guilty plea.

## II.

Turning to the equal protection argument, appellant contends that the trial court erred by sentencing him pursuant to R. C. 2911.11(A)(3), because it prohibits the same activity as R. C. 2911.12, the burglary statute. He then argues that, because R. C. 2911.11(A)(3) carries a heavier penalty than R. C. 2911.12,[1] the former violates the Equal Protection Clause.

The issue here is not whether the prosecutor abused his discretion in charging appellant under the aggravated burglary statute. The Equal Protection Clause is not violated when, based upon prosecutorial discretion, a person may be charged under more than one statute and thereby receive different penalties. The use of prosecutorial discretion, in and of itself, does not violate equal protection.[2] See *Roush* v. *White* (N. D. Ohio, 1975), 389 F. Supp. 396, 402.

The issue here is whether both statutes require the state to prove identical elements while prescribing different penalties. Judge Jackson, writing for the majority of the appellate court below, clearly stated that the test is "whether, if the defendant is charged with the elevated crime, the state has the burden of proving an additional element beyond that required by the lesser offense." Therefore, if

---

[1] Aggravated burglary is a felony of the first degree; whereas, burglary is a felony of the second degree.

[2] Of course, where there exists selectivity in enforcement of the criminal laws based upon a deliberate and unjustified basis, such as race, religion or other arbitrary classification, a violation of the Equal Protection Clause may exist. *Oyler* v. *Boles* (1962), 368 U. S. 448, 456.

the statutes prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause.

Appellant's argument hinges on whether R. C. 2909.01, which defines the term "occupied structure" used in both the aggravated burglary and the burglary statutes, is to be read conjunctively or disjunctively. R. C. 2909.01 states, in part:

"* * * [A]n 'occupied structure' is any house, building, outbuilding, watercraft, aircraft, railroad car, truck, trailer, tent, or other structure, vehicle, or shelter, or any portion thereof, to which any of the following applies:

"(A) Which is maintained as a permanent or temporary dwelling, even though it is temporarily unoccupied, and whether or not any person is actually present;

"(B) Which at the time is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present;

"(C) Which at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present;

"(D) In which at the time any person is present or likely to be present."

If definitions (A) through (D) are read cumulatively, then appellant is correct in his contention. However, if the definitions are read separately, then no constitutional violation exists.

We hold that the definitions of an "occupied structure" contained in R. C. 2909.01 are to be read disjunctively. In so doing, we apply the well established principle that "'courts will refrain from declaring legislation unconstitutional unless the posture of the cause leaves no logical alternative thereto.'" *Washington Court House* v. *McStowe* (1976), 45 Ohio St. 2d 228, 230, quoting *Bedford Hts.* v. *Tallarico* (1971), 25 Ohio St. 2d 211, 212. See, also, R. C. 1.47, 1.49 and 1.50.

The statute provides that an "'occupied structure' is any * * * structure * * * to which *any* of the following ap-

*plies* \* \* \*.'' (Emphasis added.) As the majority opinion of the Court of Appeals so aptly pointed out, ''[w]hile 'any' may be used as either a singular or plural pronoun, the use of the verb 'applies' leaves no doubt but that the word 'any' is intended to carry a singular meaning in this statute.''[3]

Applying the definitions separately, the state, in a prosecution pursuant to R. C. 2911.12(A),[4] burglary, would have to prove the following elements: (1) that the person trespassed by force, stealth, or deception; (2) in an occupied structure as defined in R. C. 2909.01 or in a separately occupied portion thereof; and (3) with the purpose to commit therein a theft offense as defined in R. C. 2913.01 or any felony. In proving the second element of the offense, that the thing trespassed upon was an ''occupied structure,'' the state would have to prove that the structure comes within *one* of the four definitions set out in R. C. 2909.01(A) through (D).

In a prosecution for a violation of R. C. 2911.11, aggravated burglary, the state must prove the same elements as the crime of burglary with the addition of one of three aggravating circumstances.[5] It is because the state must

[3]Had the General Assembly intended the definitions to operate collectively, it could have specifically stated "if any one or more of the following apply."

[4]"No person, by force, stealth, or deception shall trespass in an *occupied structure as defined in section 2909.01* of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony." (Emphasis added.)

[5]R. C. 2911.11(A) states:

"No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;

"(2) The offender has a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code on or about his person or under his control;

prove this additional element that the statute does not violate the Equal Protection Clause. While R. C. 2911.11 (A)(3), the third aggravating circumstance, is a combination of two of the definitions of "occupied structure" found in R. C. 2909.01(B) and (D), R. C. 2911.11 still requires that the state prove an additional element in order to convict a person of aggravated burglary instead of simple burglary.[5] In proving burglary the state need only prove that the structure was a permanent or temporary habitation, or a structure in which any person is present or is likely to be present. It need not prove both. In aggravated burglary, under R. C. 2911.11(A)(3), the state must shoulder the additional burden of proving both. That is to say, in an aggravated burglary case, the structure must be one that was both the permanent or temporary habitation of any person *and* in which at the time any person was present or likely to be present. If the state can prove only that the building was occupied as a permanent or temporary habitation *or* that someone was present or likely to be present, a conviction for burglary, but not aggravated burglary, will stand.

Proof of one definition of R. C. 2909.01 does not prove the other, nor does proof of one prove facts sufficient to sustain a conviction for aggravated burglary under R. C. 2911.11(A)(3). A structure can be one that was occupied as a permanent or temporary habitation without being one under R. C. 2909.01(D), where at the time anyone is present or likely to be present. The converse is also true.

---

"(3) *The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present.*" (Emphasis added.)

[6]R. C. 2911.11(A)(3) states:

"The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

R. C. 2909.01(B) states, in part:

"* * * is occupied as the permanent or temporary habitation of any person, whether or not any person is actually present."

R. C. 2909.01(D) states:

"In which at the time any person is present or likely to be present."

R. C. 2911.11, aggravated burglary, carries a higher penalty because it is designed to protect homes where the danger of harm is greatest. The aggravated burglary statute, by its own terms, requires two elements of proof, permanent or temporary habitation and presence or likelihood of presence. This additional element of proof placed upon the state as part of its burden of proof clearly distinguishes the crime from simple burglary.

### III.

Lastly, appellant contends that R. C. 2911.11(A)(3) violates the Due Process Clause. In support of this contention, appellant relies upon the following language from *State* v. *Kilby* (1977), 50 Ohio St. 2d 21, at page 25:

"* * * It is apparent that the General Assembly concluded that a burglary of a home posed a greater threat of danger to the victim than, for example, a burglary of a commercial establishment.

"It is clear that the difference between aggravated burglary, as defined in R. C. 2911.11(A)(3), and burglary, as defined in R. C. 2911.12, is in the type and use of the occupied structure and not literally whether individuals will be home from work or play at a particular time. * * *"

Appellant maintains that the ramification of this language is that, once the state proves that a permanent or temporary habitation has been burglarized, it is presumed that a person is likely to be present, thus, by presumption, fulfilling the final "element" of R. C. 2911.11(A)(3). Accordingly, appellant argues that, so construed, R. C. 2911.11(A)(3) "on its face" violates the Due Process Clause.

If we were to agree with the appellant that *Kilby, supra*, stands for the proposition that, once the state proves that a permanent or temporary habitation has been burglarized, it is presumed that a person is likely to be present, R. C. 2911.11(A)(3), as construed, would indeed violate the Due Process Clause in that it would unconstitutionally presume the existence of an element of the offense. *Leary* v. *United States* (1969), 395 U. S. 6; *In re Winship* (1970), 397 U. S. 358; *Mullaney* v. *Wilbur* (1975), 421 U. S. 684.

However, we find that *Kilby* cannot be read to stand for the proposition asserted by appellant.

The issue before this court in *Kilby* was not whether R. C. 2911.11(A)(3) satisfied the requirements of the Due Process Clause; rather, the issue addressed in *Kilby* was whether the state had produced sufficient evidence to support a charge of aggravated burglary. Specifically, the issue was whether the state had produced sufficient evidence to prove that the persons, whose home was burglarized, were "likely to be present" at the time of the burglary. The holding of the case is found in the first paragraph of the syllabus, which states:

"Where the state proves that an occupied structure is a permanent dwelling house which is regularly inhabited, that the occupying family was in and out on the day in question, and that such house was burglarized when the family was temporarily absent, the state has presented sufficient evidence to support a charge of aggravated burglary under R. C. 2911.11."

The law in Ohio since 1858 has been that it is the syllabus of the Supreme Court decisions which states the law, *i. e.*, the points of law decided in a case are to be found in the syllabus.' Therefore, where the justice assigned to write the opinion discusses matters or expresses his opinion on questions not in the syllabus, the language is merely the personal opinion of the writer. Consequently, the language in *Kilby* relied upon by the appellant is merely *obiter dicta.*

Accordingly, the judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

---

'See, generally, 14 Ohio Jurisprudence 2d 681-84, Courts, Sections 246-49.