OPINION
Appellant Stephen J. Calaway appeals a judgment of the Fairfield County Common Pleas Court convicting him of grand theft (R.C. 2913.02) and failure to appear (R.C. 2937.29):
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE CONSECUTIVE SENTENCES HEREIN ARE NOT SUPPORTED BY THE RECORD AND ARE CONTRARY TO LAW.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF FAILURE TO APPEAR SINCE THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH THAT THE DEFENDANT WAS GIVEN NOTICE OF THE HEARING DATE.
On January 26, 1996, appellant was indicted by the Fairfield County Grand Jury on one count of burglary and one count of grand theft. Appellant failed to appear at a pre-trial scheduled for March 11, 1996. Appellant finally appeared pursuant to capias on October 28, 1996.
On January 10, 1997, appellant filed a waiver of his speedy trial rights . On May 23, 1997, appellant failed to appear at a scheduled plea hearing. At this time, the court issued a secondcapias for appellant for failure to appear.
On August 13, 1997, appellant was charged by Bill of Information with one count of failure to appear on recognizance bond in violation of R.C 2937.29. Appellant was later indicted on the same charge. On October 21, 1997, appellant appeared with counsel and entered a plea of guilty to the charge. He was sentenced to one year incarceration.
On November 3, 1997, appellant appeared with counsel and entered a plea of guilty to one count of grand theft. Appellant was sentenced to one year incarceration, to be served consecutively to the sentence he has received for failure to appear.
 I
Appellant argues that in sentencing him to a consecutive term of incarceration for grand theft, the court failed to comply with R.C. 2929.14 (E)(4) and R.C. 2929.19 (B)(2)(c). However, appellant recognized in his reply brief that because the conduct occurred prior to the enactment of Senate Bill 2, his assignment of error is without merit pursuant to State v. Rush (1998), 83 Ohio St.3d 53.
The first assignment of error is overruled.
 II
Appellant argues that the State did not present sufficient evidence to establish that he was notified of the hearing date in support of the charge of failure to appear.
Appellant entered a plea of guilty to the charge. A counseled plea of guilty is an admission of factual guilt which removes factual issues from the case. State v. Wilson (1979),58 Ohio St.2d 52. Appellant stated in response to questioning from the court that he understood that by entering a plea of guilty, he was waiving his right to require the State to prove all elements of the case beyond a reasonable doubt.
The second assignment of error is overruled.
The judgment of the Fairfield County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0303
JUDGMENT ENTRY
CASE NO. 98-CA-50
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Fairfield County Common Pleas Court is affirmed.
______________________________
______________________________
______________________________
JUDGES