JOURNAL ENTRY and OPINION
Defendant-appellant Kevin Wenson, having filed his brief in this court pro se, appeals from the sentences imposed upon him after he entered guilty pleas to charges that he possessed powdered cocaine and that he engaged in the sale of cocaine within one thousand feet of a school premises.
Appellant contends no factual basis existed for the specification included in the amended indictment, the trial court both made improper comments during the plea hearing and erred in imposing sentence upon him, and his trial counsel rendered inadequate assistance.
After a consideration of the record, this court disagrees with appellant's contentions. Therefore, his convictions and sentences are affirmed.
The record reflects on December 27, 1999 appellant was indicted in Case No. CR-385,269 on four counts as follows: (1) possession of crack cocaine in an amount exceeding ten grams but less than twenty-five grams, R.C.2925.11; (2) possession of criminal tools, to-wit money, pager, "cell phone" and scale, R.C. 2923.24; and (3-4) preparation of crack cocaine for sale, R.C. 2925.07.[1] The offenses were alleged to have occurred on November 1, 1999. Appellant, who earlier had been released on bail, entered pleas of not guilty to the charges and was assigned counsel to represent him.
On February 29, 2000 appellant was indicted in Case No. CR-387,919 on six counts as follows: (1) trafficking in cocaine, in an amount exceeding ten grams but less than one hundred grams, R.C. 2925.03, with a schoolyard specification and a juvenile specification; (2) trafficking in cocaine in an amount exceeding ten grams but less than one hundred grams, R.C. 2925.03, with a schoolyard specification; (3) possession of cocaine in an amount exceeding five grams but less than twenty-five grams, R.C. 2925.11; (4) possession of criminal tools,[2] R.C.2923.24; (5) receiving stolen property, R.C. 2913.51; and (6) having a weapon while under disability, R.C. 2923.13. The crimes were alleged to have occurred on November 24, 1999 and January 4, 2000.
Appellant entered pleas of not guilty to the new charges. By the time a pretrial hearing was held in CR-385,269 on February 8, 2000, appellant had discharged his court-appointed attorney and had retained new counsel to represent him in both cases.
The record reflects his trial counsel subsequently filed the requisite requests for discovery. Counsel's actions in this regard resulted in the state's acknowledgment that its indictment in CR-385,269 was faulty in both the form of and the amount of cocaine alleged to have been involved in that case. After several pre-trials, appellant's counsel and the prosecutor eventually negotiated a plea agreement resolving both cases. The trial court conducted a hearing on the matter on June 20, 2000.
The prosecutor initially requested an amendment of the first count of the indictment in CR-385,269 to reflect the form of the drug involved was powder rather than crack and the amount of the drug involved was five to twenty-five grams rather than ten to twenty-five grams. He then stated the state would dismiss the remaining counts of that indictment in exchange for appellant's plea of guilty to the amended count. After outlining the potential penalties involved, the prosecutor proceeded to discuss Case No. CR-387,919.
In the second case, the prosecutor noted that if appellant entered a plea of guilty to count one, with its specifications, the remaining counts would be dismissed. The prosecutor further noted that because of the specifications, the offense was a "felony of the second degree," which carried both "a non-probational potential term" of imprisonment of between two to eight years and mandatory fine of from $5,000 to $15,000.00.
Thereafter, appellant's counsel reassured the trial court that he had fully discussed with appellant the cases and the ramifications of the change of his pleas. The trial court then conducted its own thorough colloquy with appellant. The record reflects the potential penalty for a conviction in CR-387,919 was discussed carefully.
Subsequent to this discussion, appellant entered guilty pleas to both indictments as amended. The trial court accepted appellant's pleas. The court then ordered appellant to participate in a presentence investigation and set the cases for a sentencing hearing.
The sentencing hearing proceeded on July 25, 2000. After being asked to speak, appellant's counsel commented that after reviewing the presentence report, he was surprised at appellant's "explanation" to the probation department for his presence there, viz., that counsel had "pressured him" into entering his pleas and had conspired with law enforcement officials. Counsel proceeded to remind the trial court of appellant's limitations and significant family responsibilities.
One of the police detectives who had investigated appellant's cases thereafter was invited to speak; the detective briefly described the investigation and its results. During this portion of the hearing, appellant's counsel interjected comments intended either to explain the detective's findings or to lessen the effect of the detective's descriptions of events.
Before pronouncing sentence, the trial court stated it had reviewed the "overriding purposes of felony sentencing," appellant's record, and the presentence report. The trial court then set forth the sentencing factors it found applicable to appellant's cases. Finally, after hearing from both appellant's counsel and appellant himself, the trial court sentenced appellant to concurrent terms of incarceration of twelve months in CR-385,269 and five years in CR-387,919.
Appellant has filed a timely appeal from his convictions. He presents four assignments of error for review, which will be addressed in logical order.
Appellant's second assignment of error states:
 THE TRIAL COURT BASED ITS SENTENCE UPON FALSE OR OTHERWISE ERRONEOUS INFORMATION.
Appellant challenges the addition to the indictment in CR-387,919 of the "schoolyard" specification, contending the specification lacked a "documented factual basis."[3] Appellant's challenge is unavailing.
The Ohio Supreme Court, following United States Supreme Court precedent, has, in no uncertain terms, long held that a "counseled plea of guilty is an admission of factual guilt which removes issues of factual guilt from the case." State v. Wilson (1979), 58 Ohio St.2d 52 at syllabus 1.
Thus, appellant's pleas of guilty operated as a waiver of his claim of error in the inclusion of the specification in the indictment against him. Huber Hts. v. Duty (1985), 27 Ohio App.3d 244; cf., Crim.R. 12(H).
As the Supreme Court stated in Menna v. New York (1975), 423 U.S. 61, at 62-63, fn. 2:
 "* * * a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. ***" (Emphasis deleted.)
Huber Hts. v. Duty, supra. (Emphasis added.)
Accordingly, appellant's second assignment of error is overruled.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED BY SUGGESTING TO THE DEFENDANT, THAT THE ACCEPTANCE OF HIS PLEA WAS SOMEHOW PREMISED UPON THE DEFENDANT-APPELLANT NOT EXERCISING HIS STATUTORY AND CONSTITUTIONAL RIGHT TO APPEAL OR OTHERWISE POST-CONVICTION CHALLENGE, IN VIOLATION OF CRIMINAL R. 32(B)(2).
Appellant argues the trial court acted improperly during the plea hearing. Appellant makes this argument despite an acknowledgment in his reply brief that he does not seek to invalidate his plea. A review of the record, moreover, renders appellant's argument baseless.
In context, the comments appellant now challenges were made only to ascertain appellant was fully cognizant of the consequences of entering his guilty plea. Crim.R. 11(C)(2); State v. Harris (May 27, 1999), Cuyahoga App. Nos. 74194-74197, unreported; State v. Saleem (Oct. 31, 1991), Cuyahoga App. Nos. 59237, 59238, unreported. The trial court's comments thus completely were appropriate. Accordingly, appellant's first assignment of error also is overruled.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED BY OVERLOOKING OR FAILING TO RECOGNIZE THE ENTIRE STATUE (SIC) R.C. 2929.11(A) OVERRIDING PURPOSES OF FELONY SENTENCING, AS IT APPLIES TO THE DEFENDANT-APPELLANT.
In this assignment of error, appellant essentially argues the sentence imposed by the trial court was excessive. This court disagrees.
Especially with regard to drug offenses, the trial court is vested with * * * the discretion to consider both the weight to be given each sentencing factor and the existence of other "factors that are relevant to achieving [the] purposes and principles of sentencing." R.C.2929.12(A); State v. Trembly [(2000), 137 Ohio App.3d 134]. State v. Williams (Apr. 12, 2001), Cuyahoga App. No. 78544, un-reported.
A review of the record demonstrates the trial court was well aware of its statutory decision-making authority and carefully considered the relevant sentencing factors prior to making its decision. Therefore, appellant's third assignment of error is overruled. R.C. 2953.08(G)(1); State v. Ayala (Dec. 16, 1999), Cuyahoga App. No. 75207, unreported; State v. Cruz (Jan. 27, 2000), Cuyahoga App. No. 75723, unreported; State v. Krocker (Sept. 7, 2000), Cuyahoga App. No. 76965, unreported.
Appellant's fourth assignment of error states:
 THAT COUNSEL FOR THE DEFENDANT-APPELLANT WAS INEFFECTIVE.
Appellant argues the attorney he retained to represent him provided inadequate assistance. Appellant contends counsel did not properly prepare a defense since counsel failed to establish the factual validity of the specification and further contends counsel made prejudicial remarks about appellant to the trial court.
Regarding an argument such as appellant makes in this case, the court made the following observations of law in State v. Barnett (1991),73 Ohio App.3d 244, 248-49:
 In determining whether counsel was constitutionally ineffective, the central issue in any case is whether an accused had a fair trial and substantial justice was done. State v. Hester (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304. An accused is denied his right to a fair trial if his counsel fails to play the role necessary to ensure that the accused enjoys the benefits of the adversarial process which the law affords him for testing the charges brought by the state. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
 A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United State (sic) v. Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927, 936. The plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. Menna v. New York (1975), 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195.
 When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea." United States v. Broce, supra, 488 U.S. at 574, 109 S.Ct. at 765, 102 L.Ed.2d at 939.
 On the basis of the foregoing, it is clear that a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary.
 Appellant's argument that he was forced to plead guilty because his counsel failed to prepare for trial raises an issue concerning the voluntariness of his plea. However, determination of that issue necessarily depends on matters not in the record before us.
 We decline to accept appellant's statement of them * * *.
(Emphasis added.) Accord, State v. Spates (1992), 64 Ohio St.3d 269.
Thus, although appellant argues his counsel provided inadequate assistance, nothing in the record supports his argument. The record instead reflects that counsel's efforts during the discovery process disclosed evidence previously overlooked that caused the state to amend the indictment in CR-385,269 in appellant's favor. Counsel also negotiated a plea agreement that was advantageous to his client. Finally, counsel, with eloquence and persuasiveness, urged the trial court to show leniency to appellant at both the plea and the sentencing hearings.
Since appellant cannot demonstrate counsel's actions caused his plea to be less than either knowing or voluntary, appellant's fourth assignment of error also fails. State v. McDonall (Dec. 16, 1999), Cuyahoga App. No. 75245, unreported; State v. Barnett, supra.
Appellant's convictions and sentences are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________________ KENNETH A. ROCCO, PRESIDING JUDGE:
ANNE L. KILBANE, J. and JAMES M. SWEENEY, J. CONCUR.
[1] The alleged amounts of the drug were the same as the amounts alleged in count one.
[2] The list set forth in the body of the indictment was lengthy.
[3] In support of his contention, appellant has attached to his reply brief numerous documents that are not a part of the appellate record in this case and therefore may not be considered. App.R. 12(A)(1)(b); Middletown v. Allen (1989), 63 Ohio App.3d 443.