DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from judgments of conviction in the Huron County Court of Common Pleas for sexual battery and failure to comply with a police order. Because we conclude that the trial court did not err in denying appellant's motion to sever the sexual offense counts against him, we affirm.
 {¶ 2} On March 23, 1999, appellant, Scott Barnhart, was at his mother's house for a cookout. After the cookout, one of the female guests was sleeping in appellant's sister's room when she was awakened by someone fondling her through her clothing. The woman identified appellant as the person who touched her inappropriately.
 {¶ 3} A month later on April 24, 1999, appellant was a guest of the son of a Wakeman, Ohio couple. According to the adult woman of the house, she was sleeping in her bedroom when she was awakened by someone fondling her vagina. The woman identified appellant as the one who awoke her.
 {¶ 4} On June 11, 2000, a North Fairfield, Ohio couple threw a party to which appellant was invited. At the party, the female host drank heavily and became intoxicated. Early in the morning she went to her room and went to bed and may have passed out before lapsing into sleep. At daybreak, according to the woman, someone, whom she believed to be her husband, engaged in sexual intercourse with her. When she later discovered that the person with whom she had sex that morning was not her husband, she sought treatment for sexual assault and contacted police. DNA in semen found in the victim's clothing after the assault was consistent with appellant's.
 {¶ 5} In the early morning hours of August 9, 2001, an Ohio Highway Patrol Officer clocked a northbound Camaro on Fitchfield River Road at 103 m.p.h. The officer pursued the vehicle, but it did not stop. Eventually, the Camaro went into the backyard of a private residence, striking a tree. Three men fled the car, leaving behind a woman who was unable to exit the vehicle before the pursuing trooper arrived. The woman eventually named appellant as the driver of the Camaro.
 {¶ 6} In September 2001, the Huron County Grand Jury handed down a secret indictment, charging appellant with rape, three counts of sexual battery and two counts of gross sexual imposition. In January 2002, the Grand Jury indicted appellant for failure to comply with a signal or order of a police officer and escape.
 {¶ 7} Appellant pled not guilty and moved to sever the charges stemming from the fondling accusations from the rape and the escape count. Appellant also sought to bar testimony at trial about a 1998 uncharged incident in another county in which appellant was alleged to have awakened a sleeping woman after a party by sucking her toes.
 {¶ 8} Following a hearing, the court severed the escape charge and joined it for trial with the failure to comply charge contained in the 2002 indictment. However, the trial court refused to sever the rape, sexual battery, and sexual imposition counts. Eventually, as part of a plea agreement, appellant pled guilty to felony failure to comply with the order or signal of a police officer and no contest to a single count of sexual battery. The court accepted the pleas, found appellant guilty of sexual battery, and imposed a four year term of incarceration for sexual battery and a consecutive seventeen month sentence for failure to comply. Following a sexual offender classification hearing, appellant was adjudicated a sexual predator.
 {¶ 9} From this judgment of conviction and sentence, appellant now brings this appeal. Appellant sets forth the following four assignments of error:
 {¶ 10} "I. The trial court erred in the misjoinder of the counts over objection in CR 2002-185 (rape).
 {¶ 11} "II. The court erred in imposing a felony sentence when the offense was normally a misdemeanor unless specific elements were present.
 {¶ 12} "III. The trial court erred in imposing consecutive terms on the cases.
 {¶ 13} "IV. The trial court erred in making a finding that defendant was a sexual predator."
 I. Joinder/Severance {¶ 14} In his first assignment of error, appellant complains that the trial court erred when it denied his motion to sever the gross sexual imposition charges from the rape charge.
 {¶ 15} "Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." Crim.R. 8(A).
 {¶ 16} Joinder is to be liberally permitted. State v. Schaim
(1992), 65 Ohio St.3d 51, 58. However, if the consolidation of charges will unfairly prejudice a defendant, he or she may move for severance. Crim.R. 14. The determination of whether counts properly joined should be severed rests within the sound discretion of the court. Schaim at 59.
 {¶ 17} In order to sustain a claim that a trial court's decision denying severance was error, an appellant must demonstrate (1) that his rights were prejudiced, (2) that concurrent with the motion he or she provided the court with sufficient information to weigh considerations favoring joinder against the defendant's rights to a fair trial, and (3) given that information, the court abused its discretion in denying severance. Id., citing State v. Torres (1981), 66 Ohio St.2d 340, syllabus.
 {¶ 18} In order to determine whether a defendant will be unfairly prejudiced by a joinder of offenses, it must first be determined whether evidence of the other crimes would be admissible even if the counts were severed. If such evidence would be allowed, then separation of the counts would have no impact and there can be no prejudice. Id., citing Drew v.United States (C.A.D.C. 1964), 331 F.2d 85, 90. Nevertheless, even if some or all of such other crimes evidence would be deemed inadmissible in separate trials, the defendant is still not prejudiced if the evidence of each crime is so "simple and distinct" that a jury could segregate it from the other charges. Id. at 62.
 {¶ 19} Appellant insists that his case is indistinguishable fromSchaim. Eric Schaim was charged with forcibly raping his 20 year old adopted daughter, gross sexual imposition with respect to a younger daughter, and sexual imposition involving a female employee. After Schaim's motion to sever the three charges was denied, a jury convicted him of rape and gross sexual imposition, but acquitted him of sexual imposition. On appeal, Schaim argued that the trial court abused its discretion in denying his motion to sever and that the evidence at trial was insufficient to support a rape conviction. The court of appeals reversed the rape conviction, but affirmed the guilty verdict for gross sexual imposition. The Supreme Court of Ohio affirmed the appeals court on reversal of the rape conviction, but concluded that the trial court had abused its discretion in denying Schaim's motion to sever.
 {¶ 20} In its analysis, the court noted that the admissibility of other acts evidence must be carefully limited because of the danger that a jury might convict a defendant solely because it assumes that he or she has a propensity to commit crimes or deserves to be punished irrespective of whether the defendant committed the crime charged. Schaim at 59. The statutes defining both rape and gross sexual imposition contain express provisions excluding specific incidences of a defendant's sexual activity, R.C. 2907.02(D) and 2907.05(D), except:
 {¶ 21} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." R.C. 2945.59; see, also, Evid.R. 404.
 {¶ 22} Applying the statutes, the Schaim court concluded that evidence relating to allegations of sexual imposition against an employee would not be admissible in separate trials on either the gross sexual imposition or forcible rape charges. Likewise, since the only issue in the forcible rape count was whether there was force or a threat of force, evidence of Schaim inappropriately touching his younger daughter was not material. The court concluded that testimony about Schaim's activity leading to the rape would be admissible; however, in the gross sexual imposition trial because Schaim's adopted daughter testified that her father's sexual fondling which led to the rape was preceded by a backrub. The younger daughter alleged that a backrub had preceded her father's inappropriate touching. Since the issue in a separate gross sexual imposition trial would be whether this touching was for the purpose of Schaim's sexual gratification, the court deemed this testimony relevant and admissible, if properly limited. However, the court found, even though the three offenses were distinct, the sexual allegations were so inflammatory that it was not certain that a jury could distinguish the evidence. On these grounds, the court concluded that the trial court's decision to deny severance prejudiced Schaim and that he was entitled to a new trial.
 {¶ 23} In this matter, appellant asserted that he would defend the gross sexual imposition charges by denying that the incidents occurred and that he would maintain that the sexual contact which underlies the rape charge was consensual. According to appellant, these defenses placed the case squarely within the holding of Schaim and, like Schaim, appellant should be deemed to have been prejudiced by the trial court's refusal to grant severance. We disagree.
 {¶ 24} As the trial court noted, in each of the several charges it was alleged that appellant was present in the home of another where the victim had gone to bed. In each case, the victim was known to appellant and, in each case, appellant is alleged to have entered the bedroom while the victim was sleeping. In each case, including the uncharged toe-sucking incident, appellant is alleged to have initiated some type of sexual or erotic activity with a sleeping victim. This is a clear and distinct pattern, much like the backrub that preceded Schaim's sexual activity. Consequently, each of the episodes would be admissible in a separate trial for each charge to show a "scheme, plan, or system" in doing the act charged. This is material in the gross sexual imposition cases because appellant is challenging the credibility of his accusers. Evidence of a common method of operation presented by witnesses who do not know each other would undermine such a challenge.
 {¶ 25} With respect to the rape charge, appellant claims consent. Again, credibility of appellant's accuser is at issue. Again, testimony by unrelated witnesses of a pattern of operation is relevant to the credibility of appellant's accuser and should be admitted in a separate trial for rape. Consequently, we conclude that the trial court did not err in denying appellant's motion to sever. Accordingly, appellant's first assignment of error is not well-taken
 II. Failure to Comply {¶ 26} In his second assignment of error, appellant complains that he should not have been sentenced for felony failure to comply following a guilty plea to that charge. According to appellant, for what is normally a misdemeanor failure to comply charge to be elevated to a felony, it must be shown that a defendant was fleeing following commission of a felony or caused serious physical harm to persons or property or created a substantial risk of serious physical harm to persons or property. R.C. 2921.331(B), (C)(5).
 {¶ 27} A plea of guilty is a complete admission of the defendant's guilt, Crim.R. 11(B)(1), including all the elements of the charged offense. See U.S. v. Broce (1989), 488 U.S. 563, 570; see, also, Statev. Wilson (1979), 58 Ohio St.2d 52, 54. Accordingly, appellant's second assignment of error is not well-taken.
 III. Consecutive Sentences {¶ 28} In his third assignment of error, appellant contends that the trial court erred in imposing consecutive sentences. R.C. 2929.14(E) permits the imposition of consecutive sentences when the court determines that such a sentence is necessary to protect the public and punish the offender and is not disproportionate to the conduct of the offender and the danger he or she poses. In addition, the court must find (1) that the crimes were committed while awaiting sentencing or under post-release control; or (2) a single term does not adequately reflect the seriousness of the offenses committed in view of the great or unusual harm done; or (3) the offender's criminal history shows that consecutive terms is necessary to protect the public.
 {¶ 29} The trial court made the requisite findings and, at the sentencing hearing and in its sentencing entry, explained the reasons for imposing consecutive sentences. The court's findings are supported by the record. Accordingly, appellant's third assignment of error is not well-taken.
 IV. Sexual Predator {¶ 30} In his final assignment of error, appellant asserts that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence.
 {¶ 31} A "sexual predator" is one who has pled guilty to or been convicted of committing a sexually oriented offense and is likely, in the future, to engage in sexually oriented offenses. R.C. 2950.01(E)(1). Sexually oriented offenses include rape, sexual battery, and gross sexual imposition. R.C. 2950.01(D)(1). Following a hearing at which the court is directed to consider specific factors, R.C. 2950.09(B)(3), if the court finds by clear and convincing evidence both that the offender committed a predicate sexually oriented offense and that the offender is likely to commit future such offenses, it must adjudicate the offender a sexual predator.
 {¶ 32} Clear and convincing evidence is greater than the preponderance ordinarily applied in civil cases, but less than the beyond a reasonable doubt standard necessary to support a criminal conviction. It is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction of the fact to be established. Cross v.Ledford (1954), 161 Ohio St. 469, ¶ three of the syllabus. A determination resting on clear and convincing evidence will not be overturned on appeal as long as there is competent credible evidence going to each of the essential elements to be established by which a trier of fact could reasonably form such a firm conviction. Id.; C.E.Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 33} Appellant was convicted of sexual battery, a sexually oriented offense. The only issue, then, is whether there was clear and convincing evidence presented to persuade the trial court that he was likely to reoffend. The court properly had before it evidence of appellant's three prior similar incidents which appear to form a pattern of escalating sexually offensive behavior. Moreover, appellant's psychological report stated that he was at high risk to reoffend. This is sufficient to support the trial court's sexual predator determination.
 {¶ 34} Accordingly, appellant's fourth assignment of error is not well-taken.
 {¶ 35} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.