OPINION
{¶ 1} Defendant, Toya Heard, appeals from her conviction and sentence for theft.
 {¶ 2} After stealing televisions from a Walmart store, Defendant was indicted on one count of theft in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Defendant *Page 2 
pled guilty to the theft charge. The trial court sentenced Defendant to a nine month prison term.
 {¶ 3} Defendant timely appealed to this court from her conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "APPELLANT'S CONVICTION AND SENTENCING OF NINE (9) MONTHS IN PRISON FOR A FIFTH DEGREE FELONY THEFT WAS UNFAIR AND IN VIOLATION OF SECTION 2929.19 OF THE OHIO REVISED CODE."
 {¶ 5} Defendant argues that, pursuant to R.C. 2929.19(B)(2)(a), the trial court was required to make a finding giving its reasons for imposing a prison term for a felony of the fifth degree, based upon the overriding purposes and principles of felony sentencing in R.C. 2929.11
and any factors in R.C. 2929.13(B)(1)(a)-(i) that the court found to apply, and that the trial court erred when it failed to do that in imposing a nine-month prison term.
 {¶ 6} Defendant was convicted of a felony of the fifth degree which carries a possible sentence of six, seven, eight, nine, ten, eleven or twelve months in prison. R.C. 2929.14(A)(5). The trial court sentenced Defendant to a nine month prison term, well within the authorized range of punishments. The Ohio Supreme Court held in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, that R.C. 2929.19(B)(2) is *Page 3 
unconstitutional, and it severed that provision and its findings requirement from the remainder of the sentencing statutes. The Supreme Court also held that trial courts have full discretion to impose any sentence within the statutory authorized range of punishments, and are not required to make any findings or give reasons before imposing maximum, consecutive, or more than minimum sentences. Id. Furthermore, R.C. 2929.13(B)(2) does not prevent a trial court from imposing a prison term without making R.C. 2929.13(B) findings where, as here, the court does not make one of the R.C. 2929.13(B)(1) findings and does not find that community control is a sufficient sanction. Id., at 23. The trial court did not abuse its discretion in sentencing Defendant to a nine month prison term without making findings.
 {¶ 7} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "APPELLANT'S CONVICTION AND SENTENCING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} Defendant argues that her conviction for theft is against the manifest weight of the evidence because it was her co-defendants, and not Defendant, who physically removed the televisions from the Walmart store, and for that reason the trial court should have shown her more leniency and imposed a *Page 4 
minimum six-month sentence.
 {¶ 10} Defendant's plea of guilty was a complete admission of her guilt, Crim. R. 11(B)(1), and Defendant's counseled and voluntary guilty plea to the theft charge was an admission of factual guilt of that crime so complete and reliable that it validly removes the issue of factual guilt from the case. Menna v. New York (1975), 423 U.S. 61,96 S.Ct. 241, 46 L.Ed.2d 195; State v. Wilson (1979), 58 Ohio St.2d 52; State v.Reed (Oct. 5, 2001), Clark App. No. 01CA0028. Accordingly, having pled guilty to the theft charge, Defendant is precluded from arguing on appeal that the evidence is legally insufficient to support her conviction for that offense or that her conviction is against the manifest weight of the evidence. State v. Buhrman (Sept. 12, 1997), Greene App. No. 96CA145; State v. McGhee (Jan. 18, 1995), Montgomery App. No. 14515.
 {¶ 11} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J. And DONOVAN, J., concur.
Copies mailed to:
 Michele D. Phipps, Esq. Byron K. Shaw, Esq. Hon. Gregory F. Singer *Page 1