[Cite as *State v. Burkitt*, 2015-Ohio-5292.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-154 |
| | : | |
| v. | : | Trial Court Case No. 14-CR-441 |
| | : | |
| JAMES BURKITT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of December, 2015.

. . . . . . . . . . .

AMY M. SMITH, Atty. Reg. No. 0081712, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. No. 0070981, Christopher B. Epley, Co., LPA, 100 East Third Street, Suite 400, Dayton, Ohio 45402
      Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} James Burkitt appeals from his conviction and sentence following a guilty

plea to third-degree felony OVI with a specification that he had five or more prior violations

within 20 years.

{¶ 2} In his sole assignment of error, Burkitt alleges ineffective assistance of counsel based on his attorney's failure to argue below that the repeat-offender specification is unconstitutional on its face.

{¶ 3} The record reflects that Burkitt was indicted on two OVI-related counts in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2). Both counts included the repeat-offender specification under R.C. 2941.1413. Burkitt subsequently entered a negotiated guilty plea to count one, which charged a third-degree felony violation of R.C. 4511.19(A)(1)(a), and the accompanying specification. At sentencing, the trial court imposed consecutive prison terms of three years for the OVI conviction and four years for the specification.

{¶ 4} On appeal, Burkitt acknowledges that a guilty plea waives the right to allege ineffective assistance of counsel, except to the extent counsel's performance caused the plea to be less than knowing, intelligent, and voluntary. *State v. Webb*, 2d Dist. Montgomery No. 26198, 2015-Ohio-553, ¶ 15. We perceive Burkitt's argument to be that his guilty plea was not made knowingly, intelligently, and voluntarily because his attorney failed to advise him or the trial court of the unconstitutionality of the repeat-offender specification. Even if we assume, arguendo, that this issue was not extinguished by Burkitt's guilty plea,[1] we find no basis for reversal.

---

[1] *See, e.g., State v. Johnson*, 2d Dist. Greene No. 2013-CA-1, 2013-Ohio-4077, ¶ 5 ("Johnson's argument here is that his guilty plea was not made knowingly, intelligently, and voluntarily because his attorney rendered ineffective assistance by not advising him of a constitutional speedy-trial violation."); *State v. Wilson*, 58 Ohio St.2d 52, 55, 388 N.E.2d 745 (1979) (distinguishing "constitutional violations which go to factual guilt from constitutional violations which pertain to the validity of the statute relied upon by the state to convict the defendant" and concluding that "those constitutional violations which

**{¶ 5}** To prevail on an ineffective-assistance claim, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice exists where "there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different." *Id.* at 694. In the present case, Burkitt cannot establish deficient performance because his constitutional argument lacks merit.

**{¶ 6}** Burkitt raises an equal-protection challenge to the constitutionality of R.C. 2941.1413, the repeat OVI offender specification. His argument relies exclusively on the Eighth District's 2-1 decision in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-1830, reconsideration granted, 2014-Ohio-3227, 17 N.E.3d 603 (8th Dist.), appeal allowed, 141 Ohio St.3d 1473, 2015-Ohio-554, 25 N.E.3d 1080.

**{¶ 7}** In *Klembus*, the defendant was convicted of OVI in violation of 4511.19(A)(1). The OVI charge was a fourth-degree felony because the indictment alleged, pursuant to R.C. 4511.19(G)(1)(d), that the defendant had five or more similar convictions within 20 years. In addition to that substantive charge, the defendant was convicted separately of the repeat-offender specification at issue here. Under R.C. 2941.1413(A), the specification required proof of five or more similar OVI convictions within 20 years.

**{¶ 8}** On review, the Eighth District noted that the substantive fourth-degree felony OVI charge (based on five or more prior convictions) and the repeat-offender specification (based on five or more prior convictions) could be proven with the same facts, evidence

---

go to the ability of the state to prosecute, regardless of factual guilt, may be raised on appeal from a guilty plea").

and circumstances. In other words, "the elements of the repeat OVI offender specification [were] identical to those set forth in R.C. 4511.19(G)(1)(d) for the underlying fourth-degree felony."[2] *Klembus*, 2014-Ohio-3227, ¶ 21. That being so, the Eighth District reasoned that a prosecutor "arbitrarily" could choose to subject some repeat OVI offenders to the specification while choosing not to subject other similarly-situated OVI offenders to the specification. *Id.* Noting that nothing in the repeat-offender specification required it to be applied uniformly, the Eighth District continued:

> * * * [T]here is no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement, especially since the class is composed of offenders with similar histories of OVI convictions. Under these circumstances, we cannot say the repeat OVI offender specification is rationally related to a legitimate state interest. We therefore find that the repeat OVI offender specification violates equal protection.

*Id.* at ¶ 23.

{¶ 9} In a separate dissent, Judge Tim McCormack disagreed. He noted that the legislature plainly intended to allow cumulative punishment for the substantive offense and the specification. He also distinguished *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), upon which the *Klembus* majority relied. In *Wilson*, the Ohio Supreme Court

---

[2] Although this language reads like the preface to an allied-offense argument, it is not. The *Klembus* majority recognized that it was not dealing with an allied-offense issue because the legislature apparently had authorized cumulative punishment for the substantive OVI violation and the specification. *Klembus*, 2014-Ohio-3227, at ¶ 10-13. Rather, the *Klembus* majority addressed the issue as one involving equal-protection principles. *Id.* at ¶ 13, et seq.

opined that if two statutes "prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause." *Wilson* at 56. In finding *Wilson* not applicable, Judge McCormack reasoned in part:

> In *Wilson*, the court analyzed two different statutes and determined that if two different statutes prohibited identical activity and required identical proof, yet imposed different penalties, sentencing the defendant under the statute with the higher penalty could violate equal protection. Here, however, Klembus was charged under R.C. 4511.19, which proscribed one activity. The statute also contained a penalty enhancement outlined in R.C. 2941.1413. The R.C. 2941.1413 penalty enhancement does not prohibit an activity or require proof of an additional element of a crime. Rather, it is a statutorily authorized specification that increases the severity of a penalty imposed for certain repeat OVI offenders.
>
> * * *
>
> The sentencing provisions outlined in R.C. 4511.19 and 2941.1413 clearly reflect the legislature's intent to create a penalty for an individual who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years over and above the penalty imposed for the underlying OVI conviction itself. Recognizing the sound judgment of the General Assembly, and in deference to its justifiable intent in authorizing this type of punishment, I would not find the penalty enhancement set forth in R.C. 2941.1413 to be unconstitutional.

*Klembus*, 2014-Ohio-3227, ¶ 36, 45 (McCormack, J., dissenting).

{¶ 10} After the holding in *Klembus*, which is currently on appeal in the Ohio Supreme Court, the Third, Eleventh, and Twelfth Districts have disagreed with it and followed Judge McCormack's dissent. *See*, *e.g.*, *State v. Burkhart*, 2015-Ohio-3409, 37 N.E.3d 220 (12th Dist.); *State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215; *State v. Sprague*, 3rd Dist. Auglaize No. 2-15-03, 2015-Ohio-3526, ¶ 27-28.

{¶ 11} Here we note that, unlike the defendant in *Klembus*, appellant Burkitt was not charged with fourth-degree felony OVI (based on five or more prior OVI convictions) and the repeat-offender specification (based on five or more prior OVI convictions). Rather, he was charged with third-degree felony OVI (based on previously having been convicted of felony OVI) and the repeat-offender specification (based on five or more prior OVI convictions). Even if we assume, however, that Burkitt's situation is analogous to *Klembus*,[3] we find no equal-protection violation.

{¶ 12} In *Wilson*, upon which the *Klembus* majority relied, the defendant raised an equal-protection challenge under the United States Constitution. *Wilson* at 53. He argued that the trial court had erred in convicting and sentencing him under the aggravated burglary statute because it prohibited exactly the same activity as the burglary statute but carried a heavier penalty. *Id.* at 55-56. The Ohio Supreme Court identified the issue as "whether both statutes require the state to prove identical elements while prescribing

---

[3] Because Burkitt's third-degree felony offense was based on having a prior felony OVI, it appears that he necessarily also had five or more prior OVI offenses within the past 20 years. *See* R.C. 4511.19(G)(1)(d) and (e). Therefore, as in *Klembus*, proof of the substantive offense would prove the specification as well.

different penalties." *Id.* at 55. The Ohio Supreme Court ultimately found no equal-protection violation because the aggravated burglary statue required proof of an additional element. *Id.* at 57-58. In the course of its ruling, however, the Ohio Supreme Court opined that if statutes do "prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause." *Id.* at 56.

{¶ 13} Less than two months after the Ohio Supreme Court decided *Wilson*, the United States Supreme Court reached a contrary conclusion in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). As in *Wilson*, the defendant in *Batchelder* raised an equal-protection argument under the United States Constitution. *Batchelder* involved two statutes that prohibited convicted felons from receiving firearms. The defendant was charged and convicted under the statute that carried the greatest penalty. As in *Wilson*, he argued that sentencing him under the statute that carried the greatest penalty constituted an equal-protection violation because the two statutes had identical substantive elements. In a unanimous decision, the United States Supreme Court disagreed. It recognized that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *Batchelder* at 123-124. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *Id.* at 124. The mere exercise of that discretion, even when two statutes prohibit the same conduct and have different penalties, does not violate equal protection. *Id.* at 124-126. In reaching this conclusion, the United States Supreme Court reasoned:

       \* \* \* [T]there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. \* \* \* Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced. \* \* \*

*Id.* at 125; *see also State v. Dixon*, 2d Dist. Montgomery No. 18582, 2002 WL 191582, \*3-4 (Feb. 8, 2002) (rejecting an equal-protection argument under *Wilson* in light of the United States Supreme Court's subsequent decision in *Batchelder*).

**{¶ 14}** Upon review, we find *Batchelder* to be dispositive of the argument Burkitt raises on appeal. As noted above, he asserts that the substantive OVI charge and the specification required identical proof to sustain a conviction. That being so, he claims the prosecutor "arbitrarily," and in violation of equal-protection principles, was able to obtain a greater penalty for the same conduct by including the specification in the indictment. We find this argument unpersuasive based on *Batchelder* and the decisions of the Third, Eleventh, and Twelfth appellate districts discussed above rejecting the majority opinion in *Klembus*, which we find unpersuasive.

{¶ 15} The assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN, J., concurs.

FROELICH, P.J., concurring:

{¶ 16} I agree with the majority's conclusion that a conviction for F-3 OVI and the specification does not violate equal protection.  On their face, the F-3 OVI and the specification have the same elements, and logically, there cannot be a conviction of one without the other.  The unequal protection finding of the *Klembus* case is attractive, but does not account for the legislature's apparent Orwellian determination that not all F-3 OVI's are equal – some are more equal than others.  The five offenses in twenty years could have been bunched together or spread out, there could have been charges or convictions of prior alcohol-related offenses, the offender could have rejected attempts at rehabilitation, or a myriad of other factors which are within the State's discretion to consider.

{¶ 17} I write separately to emphasize that, in determining the appropriate sentence for both the underlying OVI and the repeat offender specification, the trial court must consider the statutory factors of felony sentencing set forth in R.C. 2929.11 and R.C. 2929.12.

{¶ 18} The Ohio Supreme Court recently addressed the sentencing requirements for an individual convicted of a third-degree felony OVI and a repeat offender specification.  *State v. South*, Slip Opinion No. 2015-Ohio-3930.  It held that a trial court

must impose on the repeat offender specification a mandatory prison term of one to five years, which must be served prior to and consecutive with any discretionary term of 9 to 36 months imposed on the underlying OVI conviction. *Id.* at ¶ 19. With these sentencing requirements, an offender could be placed on community control for the F-3 OVI and simultaneously, for the same act (5 OVIs within 20 years), be sentenced up to five years of mandatory imprisonment prior to the community control sanctions.

**{¶ 19}** Although the R.C. 2941.1413 specification requires a mandatory sentence, R.C. 2929.13(G)(2), the court has the discretion to impose a range of one to five years. Therefore, both the sentence for the underlying OVI – which is not mandatory imprisonment – and the range of the mandatory imprisonment specification require consideration by the sentencing court of the statutory factors. In this regard, it is no different than a trial court's imposition of any mandatory sentence, such as for a felony drug offense; the court still maintains the discretion as to the length of that sentence, guided by the R.C. 2929.12 factors.

**{¶ 20}** In *South*, *Klembus*, and in this case, the court sentenced the offender to non-minimum terms in prison under both the F-3 OVI and the specification. Therefore, this analysis is left for another day.

. . . . . . . . . .

Copies mailed to:

Amy M. Smith
Christopher B. Epley
Hon. Douglas M. Rastatter