[Cite as *State v. Klembus*, 2014-Ohio-3227.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100068

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEAN M. KLEMBUS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-562381-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Stephanie N. Hall
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
ON RECONSIDERATION[1]

---

[1]    The original announcement of decision, *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-1830, released May 1, 2014, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal.    *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

EILEEN T. GALLAGHER, J.:

**{¶1}** Pursuant to App.R. 26(A)(1)(a), appellee, state of Ohio, filed an application for reconsideration of this court's decision in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-1830.   Klembus has not opposed the state's application.

**{¶2}** In determining whether to grant a motion for reconsideration filed pursuant to App.R. 26(A)(1)(a), the test "'is whether the motion * * * calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by [the court] when it should have been.'"   *State v. Dunbar*, 8th Dist. Cuyahoga No. 87317, 2007-Ohio-3261, ¶ 182, quoting *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1982).

**{¶3}** The state's motion for reconsideration identified a need for clarification.   We therefore grant the state's motion for reconsideration but our decision remains unchanged.  For clarification purposes, we have made some modifications to our earlier opinion. Therefore, we vacate the earlier opinion, and issue this opinion in its place.

**{¶4}** Defendant-appellant, Dean M. Klembus ("Klembus"), appeals the denial of his motion to dismiss a specification from the indictment charging him with driving under the influence of alcohol ("OVI"), a fourth-degree felony.   We find merit to the appeal, reverse the trial court's judgment in part, and remand this case to the trial court with instructions to dismiss the specification.

{¶5} Klembus was charged with two counts of operating a vehicle under the influence of alcohol ("OVI"). Count 1 alleged driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a). Count 2 alleged driving with an excessive blood alcohol content, in violation of R.C. 4511.19(A)(1)(h). Both counts contained the following "FURTHERMORE" clause pursuant to R.C. 4511.19(G)(1)(d):

> FURTHERMORE, and he within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature to wit: (1) on or about January 2, 2008, 6C06389, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (2) and on or about July 12, 2004, 4C02588, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (3) and on or about October 4, 2000, 0C04081, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (4) and on or about March 17, 1997, 7C00548, in the Bedford Municipal Court, in violation of 4511.19(A)(1); (5) and on or about December 29, 1992, 2C08595, in the Bedford Municipal Court, in violation of 4511.19(A)(1).

Each count also included a repeat OVI offender specification "concerning prior felony offenses" pursuant to R.C. 2941.1413(A), which states:

> The offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses.

{¶6} Klembus filed a motion to dismiss the specification clause, arguing it violated the Equal Protection Clauses of the United States and Ohio Constitutions. After a hearing on the merits, the trial court denied Klembus's motion to dismiss and Klembus subsequently pleaded no contest to both charges. The two charges merged for sentencing, and the trial court sentenced Klembus to one year on the underlying OVI charge and one year on the specification, to be served consecutively for an aggregate two-year prison term. The court also imposed a lifetime suspension of driving

privileges, and his vehicle was forfeited. Klembus now appeals the denial of his motion to dismiss.

**{¶7}** In his sole assignment of error, Klembus argues the repeat OVI offender specification, on its face, violates the constitutional guarantees of equal protection and due process because the specification is based upon the same information or proof required to establish a fourth-degree felony. He contends R.C. 4511.19(G)(1)(d) and 2941.1413 allows the prosecutor to arbitrarily obtain a greater prison sentence for the underlying offense without proof of any additional element, fact, or circumstance. Thus, Klembus is challenging the repeat OVI offender specification on its face, not as it was personally applied to him. "A facial challenge to the constitutionally of a statute is decided by considering the statute without regard to extrinsic facts." *State v. Mole*, 8th Dist. Cuyahoga No. 98900, 2013-Ohio-3131, ¶ 14, citing *Cleveland Gear Co. v. Limbach*, 35 Ohio St.3d 229, 231, 520 N.E.2d 188 (1988).

**{¶8}** Both the Ohio and United States Constitutions provide that no person shall be deprived of life, liberty, or property without due process of law or be denied the equal protection of the law. Ohio Constitution, Article I, Section 2; Fourteenth Amendment to the U.S. Constitution. "Every person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at a criminal trial conducted in accordance with the relevant constitutional guarantees." *Bell v. Wolfish*, 441 U.S. 520, 535, 536, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

{¶9} However, once a defendant has been convicted, the court may impose upon the defendant whatever punishment is authorized by statute for the offense, so long as the penalty is not based on an arbitrary distinction that would violate the Due Process Clauses of the Ohio and United States Constitutions. *Chapman v. U.S.,* 500 U.S. 453, 465, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991). An argument based on equal protection in this context duplicates an argument based on due process. *Id.* The standard for determining whether a statute violates equal protection is "'essentially the same under state and federal law.'" *State v. Thompkins*, 75 Ohio St.3d 558, 561, 664 N.E.2d 926 (1996), quoting *Fabrey v. McDonald Village Police Dept.,* 70 Ohio St.3d 351, 354, 639 N.E.2d 31 (1994).

{¶10} The dissent cites several cases for the proposition that cumulative punishments are constitutional if they are specifically authorized by the legislature.[2] However, not one of the cases cited in the dissent addresses the issue presented in this case, which is whether the repeat violent offender specification violated equal protection.

---

[2] For example, the dissent cites *State v. Gonzales*, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903 (1st Dist.) in which the court found the additional penalty on a major drug offender ("MDO") specification did not violate double jeopardy because the cumulative punishment was specifically authorized by the legislature. It is interesting to note that the legislature eliminated the additional penalty for major drug offenders when it enacted H.B. 86 in September 2011.

Prior to H.B. 86, R.C. 2925.03(C)(4)(g) provided that if the state proved the defendant was a MDO, the court could "impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional" one-to-ten-year mandatory prison term. To impose the additional prison term over the mandatory ten-year prison term, the court was required to make required finding under R.C. 2929.14(D)(2)(b)(i) and (ii). As amended by H.B. 86, R.C. 2925.03(C)(4)(g) now provides that if the state proves the defendant is a MDO, the court must impose the mandatory maximum prison term prescribed for first-degree felony.

With the exception of *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), all cases cited in the dissent involve challenges based on the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, which states: "No person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb."[3]  We do not dispute the dissent's analyses of these cases.[4]

{¶11} Nevertheless, we disagree with the dissent's suggestion that cumulative punishments are constitutional simply because some courts have found that certain statutes authorizing cumulative punishments do not violate double jeopardy.  Criminal defendants have successfully challenged enhanced penalties pursuant to other constitutional protections such as the right to due process, the protection against ex post facto laws, and equal protection.  For example, in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that a penalty enhancement provision violated the defendant's right to a jury determination of guilt for every element of the crime beyond a reasonable doubt.  In *U.S. v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the court struck a penalty enhancing provision because it violated the defendant's right to due process.  In *Peugh v. U.S.*, 569

---

[3]  The Ohio Constitution mirrors the Fifth Amendment and states "No person shall be twice put in jeopardy for the same offense."

[4]  We have no reason to dispute the dissent's analyses of these cases, except to state that perhaps modern courts have forgotten or ignored the original intent of the Bill of Rights, which was established to protect individual liberties from oppressive government regulation and control.  *See* Charles William Hendricks, *100 Years of Double Jeopardy Erosion; Criminal Collateral Estoppel Made Extinct*, 48 Drake L.Rev. 379 (2000).

U.S. 2__, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013), the court recently held that increased sentences in the United States Sentencing Guidelines Manual violated the ex post facto clause contained in Article I, Section 9 of the United States Constitution.[5]

{¶12} Furthermore, just as courts have found that some cumulative penalties comport with double jeopardy, the United States Supreme Court has also held that some penalty enhancing provisions offend that constitutional protection. In determing whether a cumulative punishments violate double jeopardy, the United States Supreme Court set fort a "same elements" test in *Blockburger v. United States*, 284 U.S. 299, 304, 76 L.Ed. 306, 52 S.Ct. 180 (1932). Under this test, known as the *Blockburger* test, the inquiry is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). If an individual is charged with violating two criminal statutes, each violation must contain an element that is not contained in the other, or else both offenses are treated as the same offense. *Id.* In these circumstances, double jeopardy prohibits any form of additional, cumulative punishment. *Id.* [6] Therefore, just because some courts have held that the

---

[5] In *Wisconsin v. Mitchell*, 508 U.S. 476, 113 S.Ct. 2194, 124 L.Ed.2d 436 (1993), a defendant unsuccessfully challenged enhanced penalty provision for hate crimes as violating First Amendment.

[6] *See also Rutledge v. United States*, 517 U.S. 292, 297, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (holding that when two statutes define the "same offense," the *Blockburger* test presumes that the imposition of dual punishments for simultaneous violation of both statutes violates double jeopardy; *Brown v. Ohio*, 432 U.S. 161, 168-169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977) (holding that each statute must require proof of an additional fact that the other does not because the Double Jeopardy Clause prohibits successive prosecutions as well as cumulative punishments for a greater or lesser included offense).

penalty-enhancing provisions at issue in their cases did not violate double jeopardy does not mean that all cumulative punishments are per se constitutional.

{¶13}   In this case, Klembus never asserted a Fifth Amendment double jeopardy challenge to the repeat OVI offender specification.   His challenge was based solely on the Equal Protection Clause of the Fourteenth Amendment, which presents an entirely different analysis from a double jeopardy challenge.   The Equal Protection Clause of the Fourteenth Amendment states that "[n]o state shall * * * deny to any person whithin its jurisdiction the equal protection of the laws."

{¶14} In an equal protection claim, government actions that affect suspect classifications or fundamental interests are subject to strict scrutiny by the courts.   *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 59, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 14.   In the absence of a suspect classification or fundamental interest, the state action is subject to a rational basis test.   Id.   Under the rational basis test, a statute must be upheld if it bears a rational relationship to a legitimate governmental interest. *Adamsky v. Buckeye Local School Dist.*, 73 Ohio St.3d 360, 362, 653 N.E.2d 212 (1995). However, a statute is presumed constitutional and will be declared invalid only if the challenging party demonstrates beyond a reasonable doubt that the statute violates a constitutional provision.   *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 538, 706 N.E.2d 323 (1999).

{¶15} "Equal protection of the law means the protection of equal laws." *Conley v. Shearer*, 64 Ohio St.3d 284, 289, 595 N.E.2d 862 (1992).   There is no equal protection

issue if all offenders in a class are treated equally. *Id.* at 290. In *Conley*, the Ohio Supreme Court explained:

> The prohibition against the denial of equal protection of the laws requires that the law shall have an equality of operation on persons according to their relation. So long as the laws are applicable to all persons under like circumstances *and do not subject individuals to an arbitrary exercise of power* and operate alike upon all persons similarly situated, it suffices the constitutional prohibition against the denial of equal protection of the laws.

(Emphasis added.) *Id*. at 288-289.

{¶16} Klembus does not claim to belong to a "suspect class" or that the repeat OVI offender specification infringes upon a fundamental right. He argues the repeat OVI offender specification violates equal protection because it gives the state unfettered discretion to choose between two significantly different punishments when charging similarly situated OVI offenders. He contends that by giving the state sole discretion to include or omit the repeat OVI offender specification permits an arbitrary and unequal operation of the OVI sentencing provisions.

{¶17} Klembus was charged with violating R.C. 4511.19(G)(1), which provides in pertinent part:

> (d) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree. The court shall sentence the offender to all of the following:
>
> (i) If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section*, a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division*

*(G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code <u>or</u>, in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type.* If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

(Emphasis added.) If the offender is convicted of or pleads guilty to the repeat OVI specification, R.C. 4511.19(G)(1)(d) imposes a *mandatory one, two, three, four, or five-year prison term.* If the offender is not convicted of the specification, the court has *discretion to impose either a mandatory 60-day term of local incarceration* pursuant to R.C. 2929.13(G)(1) *or a mandatory 60-day prison term* in accordance with R.C. 2929.13(G)(2). In addition, R.C. 4511.19(G)(1)(d) gives the trial court discretion to impose up to 30 months in prison and community control sanctions if the offender has not been convicted of or pleaded guilty to the repeat OVI offender specification. Thus, the presence of the repeat OVI offender specification triggers the enhanced punishment.

**{¶18}** R.C. 2941.1413, which provides the specification concerning an additional prison term for repeat OVI offenders, states:

> (A) Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code *is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses.* The specification shall be stated at the end of the body of the indictment, count, or information and shall be stated in substantially the following form:

> "SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses)."

> (B) As used in division (A) of this section, "equivalent offense" has the same meaning as in section 4511.181 of the Revised Code.

**{¶19}** Under R.C. 4511.19(G)(1)(d) and 2941.1413, a repeat OVI offender may be subject to between one and five years of mandatory prison time instead of a mandatory 60 days of incarceration and a discretionary prison term up to 30 months without the state calling any additional witnesses or adducing any additional testimony or evidence. The increased penalty does not depend upon the jury finding any additional elements, facts, or circumstances beyond a reasonable doubt. Rather, the additional punishment depends solely on the prosecutor's decision whether or not to present to the grand jury the repeat OVI offender specification provided by R.C. 2941.1413.

**{¶20}** In *Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), the Ohio Supreme Court held that prosecutorial discretion, in and of itself, does not violate equal protection.

*Id*. at 55.  However, the court in *Wilson* further held that if two statutes "prohibit identical activity, require identical proof, and yet impose different penalties, then sentencing a person under the statute with the higher penalty violates the Equal Protection Clause."  *Id*. at 55-56.  *See also Cleveland v. Huff*, 14 Ohio App.3d 207, 209, 470 N.E.2d 934 (8th Dist.1984) (holding that a Cleveland ordinance prohibiting soliciting and another ordinance prohibiting prostitution prohibited identical activity and required identical proof, while imposing different penalties violated equal protection).

{¶21} The court in *Wilson* ultimately determined there was no equal protection violation in that case because, although the defendant was charged under two different burglary statutes, one of the statutes required proof of an additional element not required in the other.  *Id*. at 58.  Here, the elements of the repeat OVI offender specification are identical to those set forth in R.C. 4511.19(G)(1)(d) for the underlying fourth-degree felony.  The specification does not require proof of any additional element to increase the penalty for the same conduct.  Thus, the repeat OVI offender specification allows the prosecutor to arbitrarily subject some individual defendants, such as Klembus, to increased penalties that others are not subject to.  In this way, a repeat OVI offender charged with the specification may be treated differently from other members of his class, who are not subject to the repeat OVI offender specification.

{¶22} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender."  R.C. 2929.11(A).  If the repeat OVI specification was imposed with uniformity on all similarly situated

offenders, it would be rationally related to the state's interest in protecting the public and punishing the offender. Indeed, courts have held that the General Assembly may prescribe cumulative punishments for the same offense, in certain circumstances, without violating constitutional protections against double jeopardy. *State v. Zampini*, 11th Dist. Lake No. 2007-L-109, 2008-Ohio-531, ¶ 11.

{¶23} However, R.C. 2941.1413(A) provides no requirement that the specification be applied with uniformity, and there is no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement, especially since the class is composed of offenders with similar histories of OVI convictions. Under these circumstances, we cannot say the repeat OVI offender specification is rationally related to a legitimate state interest. We therefore find that the repeat OVI offender specification violates equal protection.

{¶24} We share the legislature's desire to punish repeat OVI offenders and to protect the public from the serious threat posed by habitual drunk drivers. And we sympathize with the legislature's intent to provide the public with a greater sense of justice by distinguishing the first or second time offenders from the more serious habitual offenders by enhancing the punishment of those who repeatedly commit OVI offenses. Our decision merely holds that legislation enacted to achieve that purpose must comport with equal protection.

{¶25} Justice can be carried out with the same level of satisfaction for the victims without the repeat OVI specification. Indeed, the trial court could have imposed the same two-year sentence on Klembus without the repeat OVI specification because the court had discretion to impose up to 30 months in prison on the underlying fourth-degree felony. Furthermore, the legislature may increase the penalty for repeat OVI offenders in the statute governing the underlying offense to achieve its objectives. In this way, all repeat OVI offenders would be subject to the same law in an impartial and uniform manner.

{¶26} The sole assignment of error is sustained.

{¶27} Judgment is reversed in part and remanded to the trial court with instructions to vacate the repeat OVI offender specification from the indictment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., CONCURS;
TIM McCORMACK, J., DISSENTS WITH SEPARATE OPINION

TIM McCORMACK, J., DISSENTING:

**{¶28}** I respectfully dissent. I would affirm the trial court's decision in its entirety as I find no constitutional violations in this case.

**{¶29}** I begin with the clear, well-established premise that all statutes are afforded a presumption of constitutionality. *Burnett v. Motorists Mut. Ins. Co.*, 118 Ohio St.3d 493, 2008-Ohio-2751, 890 N.E.2d 307, ¶ 28. Before a court declares a statute unconstitutional, the court must be convinced "'beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.'" *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 25, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

**{¶30}** Here, Klembus was charged with one count of driving while under the influence, in violation of R.C. 4511.19(A)(1)(a), which provides that "[n]o person shall operate any vehicle * * * if at the time of the operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Klembus was also charged with one count of driving while under the influence, in violation of R.C. 4511.19(A)(1)(h), which prohibits operating a motor vehicle with a "concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath."

**{¶31}** Pursuant to R.C. 4511.19(G)(1)(d), he was charged with a fourth-degree felony, on both counts, based upon the allegation that he had been previously convicted of or pleaded guilty to five or more similar OVI offenses within the previous 20 years.

R.C. 4511.19(G)(1)(d) employs a 20-year look-back to previous convictions and enhances an OVI charge to a felony of the fourth degree if "an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature * * *."

{¶32} The indictment also included a specification to R.C. 4511.19, on each count, which provides an additional mandatory prison term of one, two, three, four, or five years for repeat OVI offenders who have, within twenty years of the offense, previously been convicted of or pleaded guilty to five or more equivalent offenses.    R.C. 2941.1413(A).

{¶33} Klembus argues that this specification to R.C. 4511.19 violates equal protection because the specification permits the prosecution to obtain greater punishment for the underlying offense without proof of any additional elements or facts.    In support of his argument, he cites to *Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745, for the proposition that if two different statutes prohibit identical activity and require identical proof, yet impose different penalties, sentencing a person under the statute with the higher penalty violates equal protection.    I find *Wilson* is distinguishable from this case.

{¶34} In *Wilson*, the defendant was charged with burglary, in violation of R.C. 2911.12, and aggravated burglary, in violation of R.C. 2911.11(A)(3).    He pleaded guilty to both counts and requested that he be sentenced under the burglary statute because the charges were duplicative, yet the penalties imposed were different.    The defendant argued that the trial court was constitutionally required to sentence him in accordance with the lesser of the two penalties.    The trial court rejected the defendant's

request and sentenced him under the aggravated burglary statute, which the court of appeals affirmed.

**{¶35}** Upon further appeal, the Ohio Supreme Court determined that the issue was whether both statutes required the state to prove identical elements while prescribing different penalties. Restating the test the appellate court applied, the Supreme Court concluded that "if the defendant is charged with the elevated crime, the state has the burden of proving an additional element beyond that required by the lesser offense." *Id.* at 55-56. In affirming the court of appeals, the Supreme Court found no equal protection violation in *Wilson* because the state was required to prove the elements of burglary in addition to one of three aggravating circumstances in order to convict the defendant of aggravated burglary. *Id.* at 57-58.

**{¶36}** In *Wilson*, the court analyzed two different statutes and determined that if two different statutes prohibited identical activity and required identical proof, yet imposed different penalties, sentencing the defendant under the statute with the higher penalty could violate equal protection. Here, however, Klembus was charged under R.C. 4511.19, which proscribed one activity. The statute also contained a penalty enhancement outlined in R.C. 2941.1413. The R.C. 2941.1413 penalty enhancement does not prohibit an activity or require proof of an additional element of a crime. Rather, it is a statutorily authorized specification that increases the severity of a penalty imposed for certain repeat OVI offenders.

{¶37} Courts have consistently concluded that an enhanced penalty specification, standing alone, does not violate constitutional protections. In *State v. Gonzales*, the First District Court of Appeals found no double jeopardy violation where the legislature specifically authorized cumulative punishment. 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903 (1st Dist.). *Gonzales* involved the application of a major drug offense ("MDO") specification to the indictment. The MDO specification provided that whomever violates the drug trafficking provisions, where the amount of an identified drug exceeds a certain amount, that individual is a major drug offender and the court must impose the maximum ten-year prison sentence. The defendant argued that Ohio's statutory drug scheme violated double jeopardy because the statutes prohibiting drug possession and drug trafficking required proof of identical elements contained in the MDO specification.

{¶38} In finding no double jeopardy violation, the court determined that the sentencing provisions clearly reflected the legislature's intent to create a penalty for an individual who sells or possesses a certain amount of drugs over and above the penalty imposed for the drug trafficking or possession itself. *Gonzales* at ¶ 42. The court therefore concluded that "where 'the legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those statutes proscribe the "same" conduct * * *, a court's task of statutory construction is at an end and the prosecution may seek and the trial court may impose cumulative punishment under the statutes in a single trial.'" *Id.* at ¶ 40, quoting *Missouri v. Hunter*, 459 U.S. 359, 369, 103 S.Ct. 673, 74

L.Ed.2d 535 (1983). A reviewing court is therefore "'limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly has permitted the judiciary.'" *Id.*, quoting *State v. Moss*, 69 Ohio St.2d 515, 518, 433 N.E.2d 181 (1982).

**{¶39}** More specifically, Ohio courts have repeatedly upheld the R.C. 2941.1413 enhanced penalty specification contained within R.C. 4511.19, relying on legislative intent as authorization of such cumulative punishment. The Ninth District Court of Appeals, concluding that R.C. 2941.1413 was not a double jeopardy violation and did not violate a defendant's due process rights, determined that the sentencing provisions "clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the [OVI] offense over and above the penalty imposed for the [OVI] conviction itself." *State v. Midcap,* 9th Dist. Summit No. C.A. 22908, 2006-Ohio-2854, ¶ 12; *see also State v. Grosse*, 9th Dist. Summit No. 2009-Ohio-5942 (because the plain language of R.C. 2929.13(G)(2) and 4511.19(G)(1)(d)(ii) specifically allows a court to sentence a defendant on both the specification and the underlying offense, those sections are not unconstitutionally vague).

**{¶40}** The Eleventh District Court of Appeals determined that a "careful reading" of the R.C. 2941.1413 specification demonstrates that the mandatory prison term must be imposed in addition to the sentence for the underlying offense:

> The language and interplay of R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 demonstrate that the legislature specifically authorized a separate

penalty for a person who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years which shall be imposed in addition to the penalty for the underlying OVI conviction. *See State v. Midcap*, 9th Dist. No. 22908, 2006-Ohio-2854. Therefore, R.C. 4511.19(G)(1)(d)(ii) and R.C. 2941.1413 "clearly reflect the legislature's intent to create a penalty for a person who has been convicted of or pleaded guilty to five or more equivalent offenses within twenty years of the OMVI offense over and above the penalty imposed for the OMVI conviction itself * * *."

*State v. Stillwell*, 11th Dist. Lake No. 2006-L-010, 2007-Ohio-3190, ¶ 26; *see also State v. Zampini*, 11th Dist. Lake No. 2007-L-109, 2008-Ohio-531 (finding the Double Jeopardy Clause does no more than prevent a sentencing court from prescribing greater punishment than the legislature intended); *State v. McAdams*, 11th Dist. Lake No. 2010-L-012, 2011-Ohio-157 (finding that the R.C. 2941.1413 specification could not exist without the underlying offense and merely attaches to that offense). I find the above analyses instructive.

{¶41} In the not too distant past, drinking and driving was tolerated to a much greater extent than it is today. It took a terrible toll of loss of life and a powerful grass roots movement to push through legislative change that dealt with serial drinking and driving with a much stricter statutory approach.

{¶42} It is entirely understandable and proper that any provision in the criminal code that mandates a cumulative and extensive prison sentence would be carefully reviewed for procedural and constitutional flaws. That is our role in this appeal.

{¶43} Through more recent years, the Ohio General Assembly adopted a much stricter scheme to be applied to those who have demonstrated that after five prior OVI convictions, that person is either so diseased, or so unwilling to abide by Ohio law, that

their criminal actions must be addressed definitively. The application of the mandatory prison sentence certainly reflects the waste of human potential: incarceration replaces positive productivity. The legislation, however, was imposed by the Ohio General Assembly with a purpose. The statute embraces the concept that if there is to be suffering, it will be the multiple OVI offender who is punished and not the next innocent victim.

{¶44} For the mindless individual who aimlessly fires a weapon in a populated area and strikes a victim, for the sober driver who recklessly speeds and takes the life of an innocent victim, for the individual who puts at risk an infant or child through endangerment, the General Assembly has identified enhanced punishments for these egregious, inherently dangerous behaviors. This undertaking is their province.

{¶45} The sentencing provisions outlined in R.C. 4511.19 and 2941.1413 clearly reflect the legislature's intent to create a penalty for an individual who has been convicted of or pleaded guilty to five or more OVI offenses within twenty years over and above the penalty imposed for the underlying OVI conviction itself. Recognizing the sound judgment of the General Assembly, and in deference to its justifiable intent in authorizing this type of punishment, I would not find the penalty enhancement set forth in R.C. 2941.1413 to be unconstitutional.