[Cite as *State v. Sprague*, 2015-Ohio-3526.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 2-15-03

    v.

SHAWN W. SPRAGUE,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2014-CR-154

Judgment Affirmed

Date of Decision: August 31, 2015

APPEARANCES:

    *Rob C. Wiesenmayer, II* for Appellant

    *R. Andrew Augsburger* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Shawn W. Sprague ("Sprague"), appeals the January 20, 2015 judgment of the Auglaize County Court of Common Pleas convicting him of operating a motor vehicle while under the influence of alcohol ("OVI"), with a specification pursuant to R.C. 2941.1413. Sprague received an aggregate sentence of forty-two months in prison. Sprague assigns as error the trial court overruling his motion to dismiss challenging the constitutionality of the specification charged in the indictment, which stated that within twenty years of committing the offense, Sprague previously had been convicted of or pleaded guilty to five or more equivalent offenses.

{¶2} On October 2, 2014, the Auglaize County Grand Jury returned an indictment against Sprague charging him with two counts of OVI in violation of R.C. 4511.19(A)(1)(a), (G)(1)(d) and R.C. 4511.19(A)(2), (G)(1)(d), both felonies of the fourth degree. The record reflects that Sprague had five prior OVI convictions dating back to July 20, 1995. As a result, each OVI charge included language specifying that within twenty years of the offense, Sprague previously had been convicted of or pleaded guilty to five or more equivalent offenses.

The charges stemmed from an episode that took place on September 7, 2014, when two witnesses called the Wapakoneta Police Department to report their observations of Sprague's erratic operation of his vehicle. One witness

blocked-in Sprague's vehicle after he parked it at a gas station to purchase a twelve-pack of beer and waited for law enforcement to arrive. Officer Golden responded to the scene and determined Sprague to be impaired. Specifically, Officer Golden noticed an odor of alcoholic beverage about Sprague and observed that he had difficulty standing and slurred speech. Officer Golden offered Sprague a breath test, which he refused. Sprague then agreed to submit to field sobriety tests, the results of which also indicated impairment. Officer Golden reviewed Sprague's record and it was revealed that Sprague had five prior OVI convictions. Sprague was subsequently arrested and charged.

{¶3} On October 15, 2014, Sprague pleaded not guilty to the charges and was released on an own recognizance bond.

{¶4} On November 19, 2014, Sprague filed a motion to dismiss the repeat OVI offender specification based on the Eighth Appellate District's holding in *State v. Klembus*, in which that court determined the specification was facially unconstitutional on the ground that it violated the Equal Protection Clause of the Federal and Ohio Constitutions. *See State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-1830 (McCormack J., dissenting) reconsidered in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227 (McCormack J., dissenting). The prosecutor filed a response relying on *State v. Hartsook* in which the Twelfth Appellate District disagreed with the majority opinion in *Klembus* and

upheld the specification as constitutionally valid. *See State v. Hartsook*, 12th Dist. Warren No. CA2014-01-020, 2014-Ohio-4528.

{¶5} On January 8, 2015, the trial court overruled Sprague's motion to dismiss the specification finding the rationale set forth in *Hartsook* persuasive.

{¶6} On January 20, 2015, pursuant to a negotiated plea agreement, Sprague withdrew his previously tendered not guilty plea and entered a plea of no contest to one count of OVI with the specification. The prosecution dismissed the second OVI count as a result of the parties' agreement. The trial court subsequently accepted Sprague's no contest plea and found him guilty. The case proceeded immediately to sentencing. The trial court sentenced Sprague to an aggregate prison term of forty-two months on the OVI offense, with one year of the sentence being a mandatory prison term pursuant to the language of R.C. 2941.1413 and an additional thirty-month prison term to be served consecutive to the mandatory one-year prison term.

{¶7} Sprague now appeals, asserting the following assignment of error.

**THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT UNDER R.C. § 2941.1413 BECAUSE THE STATUTE VIOLATES, ON ITS FACE, THE CONSTITUTIONS OF THE UNITED STATES AND OF OHIO.**

{¶8} On appeal, Sprague asserts that the so-called repeat OVI offender specification set forth in R.C. 2941.1413 is unconstitutional. Sprague's argument

relies entirely on the rationale utilized by the majority opinion in *State v. Klembus*. *Klembus*, 2014-Ohio-3227 (McCormack J., dissenting). In *Klembus*, the court analyzed the interaction between R.C. 4511.19(G)(1)(d) and R.C. 2941.1413 and found that R.C. 2941.1413 was unconstitutional, on its face, because it violated the appellant's right to equal protection and due process of law.

{¶9} The argument made in *Klembus*, from which Sprague liberally borrows, asserts that R.C. 2941.1413, which contains the same language as R.C. 4511.19(G)(1)(d) with regard to an offender having five or more prior convictions within twenty years of the offense, operates to make the offender subject to an enhanced penalty of one, two, three, four, or five years of mandatory prison time which would otherwise not be available for the sentencing court to impose absent the inclusion of a "specification" in the indictment reiterating the same elements as the underlying fourth degree felony OVI offense. Thus, the appellant in *Klembus* claimed that R.C. 2941.1413 violates his constitutional right to equal protection and due process of law because it gives the prosecutor unfettered discretion to "arbitrarily obtain a greater prison sentence for the underlying offense without proof of any additional element, fact, or circumstance." *Klembus* at ¶ 7.

{¶10} Specifically, the claim is that by placing the allegation pertaining to five or more prior convictions within twenty years of the offense in the body of the indictment alone, the prosecutor would make a defendant eligible for only a lesser

set of penalties for a fourth degree felony. However, by arbitrarily deciding to place the same allegation pertaining to five or more prior convictions within twenty years of the offense in the body of the indictment *and also* into a separately titled "SPECIFICATION" to that count of the indictment, the prosecutor could subject the defendant to an enhanced level of penalties for the same fourth degree OVI felony offense, without requiring proof of any additional element, fact or circumstance. As such, any statute permitting such a specification must be unconstitutional.

{¶11} The majority opinion in *Klembus* agreed with these arguments regarding the constitutionally of the specification and held that:

> **R.C. 2941.1413(A) provides no requirement that the specification be applied with uniformity, and there is no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement, especially since the class is composed of offenders with similar histories of OVI convictions. Under these circumstances, we cannot say the repeat OVI offender specification is rationally related to a legitimate state interest. We therefore find that the repeat OVI offender specification violates equal protection.**

*Klembus* at ¶ 23.

{¶12} The primary tenets underlying the *Klembus* majority opinion depend upon two statutory interpretations: (1) that R.C. 4511.19(G)(1)(d)(i) provides for two sets of statutorily sanctioned punishments for a fourth degree felony OVI offense involving an offender who, within twenty years of the offense, previously

has been convicted of or pleaded guilty to five or more equivalent offenses—and (2) that placing allegations pertaining to the five or more convictions within twenty years in the body of the indictment alone is not sufficient to invoke the enhanced penalties of a mandatory one to five years in prison because if such an allegation is merely contained in the body of the indictment it does not constitute a "specification" of that allegation under the language of R.C. 2941.1413. We respectfully disagree with both interpretations.

{¶13} We have previously expressed our reservation regarding the construction of R.C. 4511.19(G)(1)(d) and R.C. 2941.1413 advanced in the *Klembus* opinion. *State v. Stephens*, 3d Dist. Seneca No. 13-14-28, 2015-Ohio-1078, ¶ 11. Our concerns are twofold.

{¶14} First, contrary to the *Klembus* majority, we are not convinced that R.C. 4511.19(G)(1)(d)(i) creates two tiers of punishment for a fourth degree felony OVI offense involving an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses. Stated another way, if this was the legislative intent, we find that the language of R.C. 4511.19(G)(1)(d)(i) and R.C. 2941.1413 conclusively fails to adequately delineate that intent.

{¶15} Rather, we believe R.C. 4511.19(G)(1)(d)(i) describes two separate sets of punishments for the two separate offenses set forth in R.C.

Case No. 2-15-03

4511.19(G)(1)(d): (1) a fourth degree felony OVI offense for an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four OVI offenses; and (2) a fourth degree felony OVI offense for an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more OVI offenses. Specifically, the language of R.C. 4511.19(G)(1)(d) sets forth the two offenses as follows:

> **Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree**. **The court shall sentence the offender to all of the following:**

{¶16} Keeping in line with the statutory scheme setting forth two separate fourth degree felony OVI offenses, R.C. 4511.19(G)(1)(d)(i) also describes two distinct punishments and provides instruction to the sentencing court in imposing the appropriate sentence. The first sentence of the statutory provision identifies the offenses for which the sentences are to be imposed.

> **If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section,**

The statute then describes a penalty which is the harsher of the two and includes a mandatory prison term of one to five years when the allegation of "five or more prior convictions within twenty years" is specified in the indictment:

**a mandatory prison term of one, two, three, four, or five years as required by and in accordance with division (G)(2) of section 2929.13 of the Revised Code if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code**

The same provision goes on to describe a second, lesser penalty which is applicable where there is no allegation of "five or more convictions within twenty years" specified in the indictment:

**in the discretion of the court, either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a specification of that type.**

{¶17} It is our reading that the two punishments outlined above in R.C. 4511.19(G)(1)(d)(i) simply correspond to the two entirely separate fourth degree felony offenses set forth in R.C. 4511.19(G)(1)(d), the greater of which is designed to punish the offender's conduct of having five or more prior OVI convictions within twenty years of the current offense.

{¶18} The only penalty portion of R.C. 4511.19(G)(1)(d)(i) which is not mutually exclusive to the separate fourth degree felony offenses appears to be the last two sentences of the provision which authorize the trial court to impose an additional definite prison term of six months to thirty months and/or community control, on top of *any* mandatory prison sentence—either the mandatory sixty days

in prison for the lesser fourth degree felony (based on three or four prior convictions within six years) or the mandatory one to five years for the greater fourth degree felony (based on five or more prior convictions within twenty years.) This specific statutory language of R.C. 4511.19(G)(1)(d)(i) states:

> **If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code. If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.**

{¶19} However, there is nothing in the language of R.C. 4511.19(G)(1)(d)(i) to persuade us that the legislature ever intended to assign two separate levels of gravity and two separate sets of punishments for those who have five or more prior OVI convictions within twenty years.

{¶20} Second, although it might be the better practice to do so, we see nothing in the language of R.C. 4511.19(G)(1)(d)(i) or R.C. 2941.1413 that would require a prosecutor who has set forth the proper allegations of "five or more prior convictions within twenty years" into the body of the indictment, to repeat that allegation in a separately titled "SPECIFICATION" in order to invoke and impose

the mandatory additional prison term of one, two, three, four, or five years upon the offender. Instead, the language of R.C. 2941.1413 states as follows:

> **Imposition of a mandatory additional prison term of one, two, three, four, or five years upon an offender under division (G)(2) of section 2929.13 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging a felony violation of division (A) of section 4511.19 of the Revised Code specifies** *that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses*. **The specification shall be stated at the end of the body of the indictment, count, or information and shall be stated in substantially the following form:**
>
> **"SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The Grand Jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender, within twenty years of committing the offense, previously had been convicted of or pleaded guilty to five or more equivalent offenses)."**

(Emphasis added). (We also note that R.C. 4511.19(G)(1)(d)(i) refers only to a specification "of the type" described in R.C. 2941.1413.). Therefore, it is our view that it is sufficient to specify the enhanced elements of the fourth degree felony OVI offense by reason of five or more prior convictions within twenty years, at "the end of the body of the indictment, count, or information" so long as the allegation is stated in "substantially" the same form and is "of the type" described in R.C. 2941.1413.

{¶21} Here, the indictment in the present case stated the following in Count One:

-11-

> **The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the 7th day of September, 2014, at Auglaize County, Ohio, SHAWN W. SPRAGUE, did operate any vehicle within this State, and at the time of the operation the person is under the influence of alcohol, a drug of abuse, or a combination of them, and *the said SHAWN W. SPRAGUE has previously been convicted or pleaded guilty to five or more violations of Ohio Revised Code §4511.19 or other equivalent offenses in the past 20 years*.**

(Doc. No. 1)(emphasis added).

{¶22} Under the explicit provisions of R.C. 2941.1413, this language alone was "substantially in the form" set forth in R.C. 2941.1413, sufficient to specify the requisite allegations "of the type" described in R.C. 2941.1413 and was therefore sufficient to comply with the sentencing provisions of R.C. 4511.19(G)(1)(d)(i). Nevertheless, as in *Klembus*, the prosecutor in this case also chose to reiterate the specified language in the format suggested by the statute in a separate paragraph as follows:

> **Specification to Count One of the Indictment:  The Grand Jurors further find and specify that the said SHAWN W. SPRAGUE has been convicted of or pleaded guilty to five or more violations of Ohio Revised Code §4511.19 or other equivalent offenses in the past 20 years.**
>
> **Said act is a felony of the fourth degree in violation of Ohio Revised Code Title 45 §4511.19(A)(1)(a)(G)(1)(d), and against the peace and dignity of the State of Ohio.**

(Doc. No. 1).

{¶23} The fact that the prosecutor in this case chose to reiterate the essential statutory allegations pertaining to five or more prior convictions within twenty years in a separate "specification" after already stating them at the end of the first count of the indictment, while admirable for clarification and for following the exact format suggested by R.C. 2941.1413, does not add any legal consequence or provide any additional sentencing authority to this indictment.

{¶24} On the contrary, under the express terms of R.C. 2941.1413, it is our conclusion that the allegation pertaining to five or more prior convictions within twenty years inserted at "the end of the body of the count" in this case was sufficient to "specify" the essential elements of the fourth degree felony OVI offense necessary to invoke the imposition of a mandatory additional prison term of one, two, three, four, or five years upon Sprague, which, as stated above, is the *only* punishment described by statute for a fourth degree felony OVI offense for an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more OVI offenses.

{¶25} In sum, we are not convinced that R.C. 4511.19(G)(1)(d) and R.C. 2941.1413 delineate two different levels of gravity and two different sets of punishments for an offender who has five or more prior OVI convictions within twenty years of the offense, or that R.C. 2941.1413 gives the prosecutor any discretion to choose an enhanced punishment by merely reiterating the allegations

of the indictment, without having to prove any additional elements, facts or circumstances.

{¶26} On the contrary, it is our view that where the indictment, within the count, at the end of the count or in a separately titled paragraph after the count, specifically alleges that the grand jurors find that the defendant "within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent offenses," the requisite enhancement allegations for this OVI offense have been specified, the provisions of R.C. 2941.1413 and R.C. 4511.19(G)(1)(d)(i) are invoked and the defendant is subject to the single set of mandatory prison terms of one to five years, together with the additional discretionary terms of six months to thirty months in prison and/or community control provisions set forth in those statutes.

{¶27} Finally, we note that the Supreme Court of Ohio has recently accepted jurisdiction to review a challenge to the *Klembus* case. In the event that the Supreme Court declines to address or accept our statutory analysis set forth above, we find it necessary to express that we also disagree with the constitutional reasoning of the majority in *Klembus.* Nor do we find any legitimate basis to challenge the constitutionality of R.C. 2941.1413 based on the equal protection and due process arguments presented in that case.

{¶28} Accordingly, we join both the Twelfth and Eleventh Appellate Districts in rejecting the holding in *Klembus* and adopt the rationale set forth in *Hartsook* finding R.C. 2941.1413 constitutionally valid. *See State v. Hartsook*, 12th Dist. Warren No. CA2014-01-020, 2014-Ohio-4528, ¶¶ 39-54 and *State v. Burkhart*, 12th Dist. Clermont No. CA2015-01-004, 2015-Ohio-3409, ¶¶ 29-38; *see also State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215, ¶ 11 and *State v. Snowden*, 11th Dist. Trumbull No. 2014-T-0092, 2015-Ohio-2611, ¶ 13 (adopting the rationale in *Hartsook* and finding R.C. 2941.1413 not unconstitutional).

{¶29} Based on the foregoing, we find no error with the trial court's decision to overrule Sprague's motion to dismiss the specification pursuant to R.C. 2941.1413 and, therefore, we also overrule the assignment of error.

{¶30} For all these reasons, the judgment of the trial court is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**