[Cite as *State v. Olp*, 2016-Ohio-2798.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0037** |
| JAMES O. OLP, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 15 C 000101.

Judgment: Affirmed.


*James R. Flaiz,* Geauga County Prosecutor, and *Nicholas A. Burling,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Sean C. Buchanan,* Slater & Zurz LLP, One Cascade Plaza, Suite 2210, Akron, OH 44308 (For Defendant-Appellant).



COLLEEN MARY O'TOOLE, J.

{¶1}  James O. Olp appeals from the judgment entry of the Geauga County Court of Common Pleas, sentencing him to two years imprisonment for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), and three years imprisonment for a repeat offender specification pursuant to R.C. 2941.1413, the

terms to be served consecutively. Mr. Olp contends the repeat offender specification violates his right to due process. Finding no reversible error, we affirm.

{¶2} Mr. Olp was arrested and charged with OVI May 5, 2015. He has many prior convictions for OVI. June 2, 2015, the Geauga County Grand Jury returned an indictment against him containing three counts of third degree felony OVI, each with an attendant repeat offender specification. He was also indicted on one count of resisting arrest, a second degree misdemeanor. He pleaded not guilty to all counts.

{¶3} July 22, 2015, Mr. Olp changed his plea to guilty on one of the OVI counts, and its repeat offender specification. A change of plea hearing occurred that same day, and the trial court memorialized the plea in a judgment entry filed July 24, 2015. Sentencing hearing was held July 29, 2015, and the trial court imposed the sentence described above.

{¶4} Mr. Olp timely noticed this appeal, assigning a single error: "The court erred by sentencing Mr. Olp for the additional mandatory time for the repeat offender specification contained in R.C. 2929.13(G)[2] in violation of Mr. Olp's right to due process." Essentially, Mr. Olp relies on the decision in *State v. Klembus*, 8th Dist. Cuyahoga No. 100068, 2014-Ohio-3227, wherein the court held that the R.C. 2941.1413 specification violated a defendant's right to equal protection. The court reasoned:

{¶5} "However, R.C. 2941.1413(A) provides no requirement that the specification be applied with uniformity, and there is no logical rationale for the increased penalty imposed on some repeat OVI offenders and not others without requiring proof of some additional element to justify the enhancement, especially since

2

the class is composed of offenders with similar histories of OVI convictions. Under these circumstances, we cannot say the repeat OVI offender specification is rationally related to a legitimate state interest. We therefore find that the repeat OVI offender specification violates equal protection." *Id.* at ¶23.

{¶6} The Eighth District did not find the repeat offender specification violates due process: it found the specification violates equal protection. Since Mr. Olp relies entirely on the Eighth District's decision in *Klembus*, we interpret his assignment of error to go to the same issue.

{¶7} First, we rejected the reasoning of the Eighth District in *Klembus, supra*, in *State v. Reddick*, 11th Dist. Lake No. 2014-L-082, 2015-Ohio-1215, ¶10-11. Of greater significance, the state appealed the decision of the Eighth District in that case, and, on March 22, 2016, the Supreme Court of Ohio found that the repeat OVI specification at issue did not offend equal protection. *State v. Klembus*, Slip Opinion No. 2016-Ohio-1092.

{¶8} The assignment of error lacks merit. The judgment of the Geauga County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.

concur.

3